## CHASTAIN v. JOHNS.

A father is not liable for a tort of his minor child, with which he was in no way connected, which he did not ratify, and from which he did not derive any benefit.

Submitted July 14,—Decided August 12, 1904.

Action for damages.    Before Judge Reid.    City court of Atlanta.    October 21, 1903.

*Arnold & Arnold*, for plaintiff in error.

CANDLER, J.    According to the petition, Mark Chastain, the minor son of the defendant in the court below, did on a named day " maliciously and negligently shoot, injure and kill, with a rifle, gun, or other instrument of death, one horse, one hog, and other stock, cattle, and hogs of petitioner," damaging her one thousand dollars.    She alleged that the defendant, as the father and natural guardian of the youthful cause of the trouble, is " liable for all loss and injury caused by all acts or torts committed by " him.    It was not alleged that the father participated in, connived at, or had any knowledge of the tort, or received any benefits therefrom; nor was it charged that he was negligent in any manner whatever.    The sole ground upon which it is sought to hold him liable is that he is the father of the

offending minor. The defendant demurred generally, and because, as claimed, the allegations of the petition "do not connect this defendant with the alleged tort, nor do they in any way make him responsible for the act of the alleged minor son." The court overruled his demurrer, and he excepted. "Every person shall be liable for torts committed by his wife, and for torts committed by his child, or servant by his command, or in the prosecution and within the scope of his business, whether the same be by negligence or voluntary." Civil Code, § 3817. It is apparent that if the words "by his command, or in the prosecution and within the scope of his business" in the section quoted are to be applied only to the word "servant," the parent is liable for all torts of his minor child as claimed in the plaintiff's petition; otherwise if they extend to both "child" and "servant." The punctuation of the section renders its meaning in this respect somewhat ambiguous; but when it is remembered that the section is not based on any special statutory enactment, but is merely a codification of the common law on the subject, this ambiguity is at once removed. At common law, the husband was liable for the wife's torts, not alone because she could own no separate estate capable of being subjected, but also because in legal contemplation she had no existence apart from his, and consequently could do no act that was not also his act. In Georgia, while the wife at present is, as to her property rights, practically a feme sole, the fiction of merger of her legal existence into that of her husband, so pleasing to masculine vanity, is still maintained, at least in part; for while she may own and control property, barter and trade, and sue and be sued, in entire independence of her lord and master, she may yet do no wrong that is not chargeable to his account. Between parent and child, however, the law has never recognized a merger of existence. At common law, as in Georgia to-day, the father was entitled to the services and earnings of his minor child, and as its natural guardian might control and manage property of which the child had become possessed; but he was liable for the child's torts only upon the idea that the child was his servant, and to the extent that he would be liable for the torts of any other servant that he might have. As is said in 1 Jaggard on Torts, 160, "Liability of a parent for the tort of a child is governed by

the ordinary principles of liability of a principal for the acts of his agent, or a master for his servant. It does not arise out of a mere relation of parent and child." Having in view these principles, we are clear that the meaning of the Civil Code, § 3817, is that the liability of a parent for the torts of his child, like his liability for those of his servant, arises only when the commission of the tort was "by his command or in the prosecution and within the scope of his business."

This rule is now of general application throughout the United States. In 21 Am. & Eng. Enc. L. (2d ed.) 1057, it is said: "The general rule is that a parent is not liable in damages for the torts of his minor child, even though the child lives with the parent and is under his control, when such acts were done without his authority, knowledge, or consent, had no connection with his business, were not ratified by him, and were of no benefit to him; or, as it has been more briefly stated, a parent is never liable for the wrongful acts of his minor child, unless such acts were performed with the parent's consent, or in connection with the parent's business. Where, however, the tort complained of was committed while the child was engaged in the parent's service, within the scope of his employment, or where the circumstances show that it was done with the parent's knowledge and by his authority, or with his consent, he is liable." See, in this connection, *Vaughan* v. *McDaniel*, 73 *Ga.* 98, where the tortious act of the child was done in the performance of an act directed by the father, and it was held that the father was liable. See also *Lockett* v. *Pittman*, 72 *Ga.* 817, and the numerous cases cited in the note to 21 Am. & Eng. Enc. L. (2d ed.) 1057; Schoul. Dom. Rel. (5th ed.) § 263, and cases cited in note. Any other rule than the one here announced would work the greatest hardship and injustice; for it would impose upon the parent liability regardless of the question of negligence on his part, for acts of his child with the responsibility of which he could not, in reason, and common sense, be justly charged. In the present case, the only ground of liability set out in the petition is "that defendant is the father and the natural guardian of several minor sons, one of whom is named Mark Chastain, and as such is liable for all loss and injury caused by all acts or torts committed by them." As will have been seen, we do not agree with the conclusions of

the pleader, and consequently hold that the defendant's demurrer should have been sustained.

*Judgment reversed.   All the Justices concur.*