1059, 1060. ENLOE, by next friend, *v.* WESTERN UNION TELEGRAPH COMPANY.

It not appearing that any damage resulted to the plaintiff from the injury alleged, the petition was demurrable and the action was properly dismissed. The rulings in *Chapman v. Western Union Tel. Co.*, 88 *Ga.* 763 (15 S. E. 901, 17 L. R. A. 430, 30 Am. St. R. 183), and *Giddens v. Western Union Tel. Co.*, 111 *Ga.* 824 (35 S. E. 638), though not in accord with the personal views of this court, are controlling.

Actions for damages, from city court of Floyd county—Judge Hamilton. February 25, 1908.

Argued April 22, 1908.—Decided February 9, 1909.

*M. B. Eubanks, W. B. Mebane,* for plaintiffs.

*McHenry & Porter, George H. Fearons,* for defendant.

RUSSELL, J. These cases differ from that of *Glenn* v. *Western Union Tel. Co.*, 1 *Ga. App.* 821 (58 S. E. 83), in that the message tendered in the present instance was refused, and therefore no contract can be implied, as in the *Glenn* case, from delivery of the message for transmission, and acceptance by the telegraph company for that purpose. The cause of action in the present cases depends wholly, so far as the plaintiffs are concerned, upon mental pain and anguish; and it is for this that damages, if they are allowed, must be awarded. Such recovery is forbidden by the decision of the Supreme Court, in *Chapman* v. *Western Union Tel. Co.* and *Giddens* v. *Western Union Tel. Co.*, supra. We have, in *Glenn* v. *Western Union Tel. Co.*, supra, expressed at some length our personal dissent from the rulings in those cases, but we are

bound by them. The plaintiffs in the present cases allege, that they sent a message to the telegraph office, announcing the death of their mother and requesting their uncle to come at once and take charge of her remains and make necessary arrangements for her burial; and that the agent of the telegraph company refused to accept it from the plaintiffs' agents who tendered it for transmission, and on the contrary ejected them from the office, with such violent, abusive, threatening, and opprobrious language that they became frightened, and, fearing bodily harm, left the office. The petition does not allege that on account of these acts any damage resulted to either of the plaintiffs; nor does it specifically allege that, by reason of the failure of the telegraph company to transmit their message, they were put to any inconvenience or humiliation in the burial of their mother, or delayed in her burial, or that her burial was prevented. Clearly neither of the plaintiffs had any cause of action for breach of an implied contract, because no payment was tendered to the agent of the telegraph company or accepted by him, nor was the message accepted. The petition can not withstand demurrer, even if considered as an action for tort, upon the further ground that it plainly appears that the right of action, if any, inheres in the parties who were sent by the plaintiffs to send the message. Even if the plaintiffs were entitled to recover for pain and suffering, that right would not extend to pain, suffering, and humiliation inflicted upon and endured by their agents; because the right of action would be in the agents themselves. See *Dunn* v. *Western Union Tel. Co.*, 2 *Ga. App.* 845 (59 S. E. 189). If the wrong inflicted upon the plaintiffs' agents is actionable, the right of action is in the agents, and not in the plaintiffs. There was no error in sustaining the demurrers and dismissing the petitions.          *Judgment affirmed.*