### 13740.  GRIFFIN *v.* MILLER.

1. There is no merit in the contention made in this case — a suit against a husband on account of an alleged tort of his wife — that the evidence fails to show that the person by whom the alleged injury was committed is and has continued to be the wife of the defendant. The evidence indicates that at the time the alleged automobile injury occurred, a car belonging to the defendant was being driven by his wife. In the absence of other proof, the relationship at that time fixes the status. Moreover, under the doctrine known as the presumption of continuity, such a status when proved to exist will be presumed to have continued to exist.

2. The facts as proved are not such as could, under any view of the law, bring the case within the ruling made by the Supreme Court in *Griffin* v. *Russell,* 144 *Ga.* 275 (87 S. E. 10, L. R. A. 1916F, 216, Ann. Cas. 1917D, 994). Therefore, the sole remaining question is whether the common-law liability of a husband for torts committed by his wife remains of force in Georgia.

3. Under the common law, it is the general rule that a husband is civilly liable for torts committed by his wife. The statement of this rule together with other and different rules of restricted common-law liability, as embodied in the Civil Code (1910), § 4413, is not to be construed as changing the general rule of such liability, so as to make it conform to the restrictions there set forth as governing in cases of torts committed by minor children or servants.

DECIDED FEBRUARY 14, 1923.

Certiorari; from Floyd superior court — Judge Wright. May 24, 1922.

*Porter & Mebane,* for plaintiff in error.

*Max Meyerhardt,* contra.

JENKINS, P. J. The rights and liabilities growing out of the relationship of husband and wife are governed by the common law, except in so far as they may have been varied by statute. *Heyman* v. *Heyman,* 19 *Ga. App.* 634 (92 S. E. 25). Statutes in derogation of the common law must be strictly construed. 10 Enc. Dig. Ga. Rep. (Cum. Supp.) 512 (h). The rule last stated is more rigidly applied where the law to be construed consists of a code section, which, though having the force and effect of a statute (*Barnes* v. *Carter,* 120 *Ga.* 895, 897, 48 S. E. 387), is not based

upon any special statutory enactment, but which merely attempts to state the rule governing under the common law. The Supreme Court held, in *Chastain* v. *Johns,* 120 *Ga.* 977, 978 (48 S. E. 343, 66 L. R. A. 958), that the code section cited above in headnote 3 (then § 3817, now § 4413) is but a mere codification of rules obtaining under the common law. The rule at common law, as was said in that case, was that, while the father was " liable for the child's torts only upon the idea that the child was his servant, and to the extent that he would be liable for the torts of any other servant," it was different as to torts committed by his wife, and for these he was liable on the theory that she " could do no act that was not also his act." See also 13 R. C. L. 12, 29 (§ 264). Such being the rule under the common law, the liability of the husband for torts committed by his wife continues thus to remain, unless it has, by a strict construction of some statutory enactment, been changed. Section 4413, which, as already said, must be construed with especial strictness in view of the fact that it does not purport to *change,* but only to state, the common-law rule, provides as follows: " Every person shall be liable for torts committed by his wife, and for torts committed by his child, or servant, by his command or in the prosecution and within the scope of his business, whether the same be by negligence or voluntary." The most that can possibly be said of this section with reference to the point at issue is that it is somewhat ambiguous. It will be noted, however, that it does not say (as it would have been easy to say had such been the intention) that every person shall be liable for torts committed by his wife, child, or servant by his command, etc., but what it does is first to lay down the common-law rule, complete within itself, that " every person shall be liable for torts committed by his wife," and then to add the qualified liability, " for torts committed by his child, or servant, by his command," etc. It does not seem that it can possibly be said that under any reasonable construction the limitation must necessarily be taken to apply to the first clause pertaining to torts commited by the wife. Supplying the words which the reasonable import of the statute would seem to require, it would read as follows: " Every person shall be liable for torts committed by his wife, and (every person shall be liable) for torts committed by his child, or servant, by his command, etc." By thus supplying the words which it seems must necessarily be taken for granted, the meaning and intent of the

section appears plainer. The liability of the husband in this case depends upon whether the code section, strictly construed, repeals the rule at common law. The "married woman's property act" cannot by implication have any such effect. See 13 R. C. L. 1233 (§ 268).

We have already referred to the rulings made by our Supreme Court in *Chastain* v. *Johns,* supra. The point actually adjudicated in that case was whether a father was liable for his minor child's torts with which he was in no way connected, or whether his liability for the torts of such a child was limited as in the case of a servant. The court, however, in arriving at its conclusion upon that proposition expressed itself very clearly upon the question of law now in issue. After quoting the code section Justice Candler, speaking for the court, said: "It is apparent that if the words 'by his command, or in the prosecution and within the scope of his business' in the section quoted are to be applied only to the word 'servant,' the parent is liable for all torts of his minor child as claimed in the plaintiff's petition; otherwise if they extend to both 'child' and 'servant.' The punctuation of the section renders its meaning in this respect somewhat ambiguous; but when it is remembered that the section is not based on any special statutory enactment, but is merely a codification of the common law on the subject, this ambiguity is at once removed. At common law, the husband was liable for the wife's torts, not alone because she could own no separate estate capable of being subjected, but also because in legal contemplation she had no existence apart from his, and consequently could do no act that was not also his act. In Georgia, while the wife at present is, as to her property rights, practically a feme sole, the fiction of merger of her legal existence into that of her husband, so pleasing to masculine vanity, is still maintained, at least in part; for while she may own and control property, barter and trade, and sue and be sued, in entire independence of her lord and master, she may yet do no wrong that is not chargeable to his account." Assuming (but not deciding) that the common-law rule under which the husband is liable for the torts of his wife is subject to exceptions, either at common law or under modern legislation permitting certain activities by the wife independently of the husband's control, no facts are shown authorizing any such exception in the instant case. See 13 R. C. L. 1233 (§ 269).

*Judgment affirmed. Stephens and Bell, JJ., concur.*