### 17576. WITTERN *v.* HIGH COMPANY.

The words alleged to have been spoken to the plaintiff by a clerk in the defendant's store, in an angry tone of voice and in a rough and insulting manner, and to a house detective in her presence, did not charge a crime, and were not slanderous; and no cause of action was stated in the petition.

DECIDED NOVEMBER 9, 1926.

Action for damages; from Fulton superior court—Judge E. D. Thomas. June 24, 1926.

Application for certiorari was denied by the Supreme Court.

*Poole & Fraser,* for plaintiff.

*A. W. Long, Troutman & Troutman, Roger B. Jones,* for defendant.

---

Libel and Slander, 36 C. J. p. 1149, n. 56; p. 1169, n. 92.

Luke, J.   Mrs. Wittern instituted an action against J. M. High Company, a corporation, which maintains a mercantile establishment for the purpose of selling goods, and alleged that while she was in this store for the purpose of making purchases, one of the sales-ladies in the employ of said company opened a box of face cream, and that it spattered out on the dress worn by the petitioner, causing the dress to be covered with greasy spots, and that the said company requested her to leave the said dress so injured at the store for the purpose of removing the spots, that the spots were not removed, and that, as she was directed, she went to Paul Jones, who was an agent of the company and in charge of its business, and told him that the spots had not been removed, and asked him to have them removed; that her request was quiet and polite, and that the said Paul Jones, instead of speaking to her in a quiet, polite, and courteous manner, spoke to her in a very rough and insulting manner, and became very angry, and spoke to her in a loud, angry tone of voice, telling her that there were no spots then on the dress; and that the said Paul Jones called out to Mr. Vic Young, who happened to be near by, in a voice so loud that all persons in the office could hear it, and asked Mr. Young "if he, Mr. Young, ever had anything against this woman before;" that Young was a detective in the employ of the defendant, whose duty was to apprehend shop-lifters, and that there were a number of clerks in the main office at the time Mr. Young was asked this question, and that the question greatly humiliated and embarrassed her; for which she claimed damages in the sum of $10,000. J. M. High Company demurred to the petition, upon the ground that it set forth no facts which would entitle the plaintiff to recover in any sum. The court sustained the general demurrer and dismissed the petition.

The petition set forth no cause of action. The words alleged to have been used were not slanderous, nor did they charge a crime. There are no facts alleged which would entitle the plaintiff to a judgment against the corporation for the alleged conduct of its agent and servant. This case may be distinguished from the case of *Lemaster* v. *Millers,* 33 *Ga. App.* 451 (126 S. E. 875), for the reason that in that case it was alleged that the plaintiff was charged with crime.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*