STANFORD, next friend, *v.* SMITH.

No. 8093.   July 25, 1931.

*Knight & Patterson,* for plaintiff.
*Slaton & Hopkins,* for defendant.

RUSSELL, C. J.   To deal first with the question propounded by the Court of Appeals in its general sense and to lay down general rules upon the subject of the inquiry, it would seem best so to

ᵥabbreviate the question as to consider, in a general way, when a father is liable for the torts of his minor child. The Code, § 4413, declares: "Every person shall be liable for torts committed by his wife, and for torts committed by his child, or servant, by his command or in the prosecution and within the scope of his business, whether the same be by negligence or voluntary." This court, in *Chastain* v. *Johns*, 120 *Ga.* 977 (48 S. E. 343, 66 L. R. A. 958), held that § 4413 is a mere codification of common-law rules, and at common law the liability of a father for the torts of his child was the same as the liability of a master for the torts of his servant. Upon that ground is based the right of action given to a father for a tort committed to his child or ward, set forth in the Civil Code of 1910, § 4412. So far as the liability of a father for the torts of his child is concerned, the tort must have been committed by the child "by his command or in the prosecution and within the scope of his business." As said in *Chastain* v. *Johns,* supra, the father is "liable for the child's torts only upon the idea that the child was his servant, and to the extent that he would be liable for the torts of any other servant." The rule, being taken from the common law, is to be liberally construed; and upon this theory this court in the *Chastain* case removed any apparent ambiguity in the language of § 4413, by holding that the words, "by his command or in the prosecution and within the scope of his business," include child as well as servant. If the words, "by his command or in the prosecution and within the scope of his business," were held to apply only to one's servants, the parent would be liable for all torts of his minor child, just as at common law the husband was liable for all torts committed by his wife. In *Griffin* v. *Russell,* 144 *Ga.* 275, 277 (87 S. E. 10, L. R. A. 1916F, 216, Ann. Cas. 1917D, 994), Mr. Justice Lumpkin said: "It may be taken as settled law in this State that a father is not liable for the tort of a minor child, with which he was in no way connected, which he did not ratify, and from which he did not derive any benefit, merely because of the relation of parent and child." It is true that a child may occupy the position of a servant or agent of his parent, and for his acts as such the parent may be liable under the principles governing the relation of master and servant, or principal and agent. There has been conflict in the decisions arising from the difference in construing or applying the commonly used ex-

pression that the master is liable for the negligence of his servant "acting within the scope of his employment," and in regard to "his master's business," and similar expressions. In the *Griffin* case Mr. Justice Lumpkin said: "Courts have not always agreed as to what is within 'the scope of his employment,' or what was an act in regard to the master's 'business;' indeed, what was comprehended in the term 'business.' An agent or servant is frequently employed by contract or express agreement; but this is not necessary to establish the relation. It may arise by implication as well as expressly. Thus it is declared in the Civil Code (1910), § 3569, that 'The relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him, or subsequently ratifies the acts of another in his behalf.' The formality required in creating an agency to do certain acts is not involved. The word 'business' is commonly employed in connection with an occupation for livelihood or profit, but it is not limited to such pursuits. When Jesus said, 'Wist ye not that I must be about my Father's business?' He had no reference to matters involving pecuniary rewards."

In that case, as well as in the cases cited in its support, it appeared that, in addition to the relationship of child to a parent, the actual tort-feasor was at the same time performing the services of a servant. In *Griffin* v. *Russell,* the parent kept an automobile, which caused injury, for the pleasure and benefit of herself and friends; and it was alleged in the petition, considered on demurrer, that he was the chauffeur in charge of the car, operating it for the owner and running on the public road with the knowledge and consent of the owner. Admitting these allegations to be true, this court held that they stated a case of liability on the part of the mother, largely because "It was alleged that on the occasion when the injury took place the boy was the chauffeur or agent of the owner, in charge of the car, operating it for the owner." The question now presented by the Court of Appeals is altogether different from that presented in the *Griffin* case. In the instant case, the defendant father was sending his boy to school. The defendant's child was working with a pupil who was injured making tests with concentrated sulphuric acid. After the two pupils, A and B, had finished their tests and were cleaning the vessel as required by the school authorities, the defendant's son "carelessly and

negligently" threw some of the acid in the face of B, the plaintiff, causing him great physical pain and disfiguring him permanently. It is the duty of a father to provide for the education of his children; but is a child at school in any sense in the service of his father for the benefit of the father? It would seem that to ask this question would be to answer it in the negative. Considering that the provisions of § 4413 are based upon the common law, and that in considering the liability of a father for the torts of his child it must appear that the tort was committed by the child regarded as a servant, and that the act was done either by the command of the father or "in the prosecution and within the scope of his business," in the light of the rule laid down by this court which was quoted from the *Chastain* case, supra, it would seem that a father can not be held liable for the result of the careless and negligent act of his minor child in throwing the sulphuric acid, as the father was in no way connected with the throwing and did not ratify or derive any benefit therefrom, merely because he happened to be the parent and the wrong-doer his child. We do not think that if a child who was attending school should commit a far more serious tort, by shooting down one of his comrades and causing his death, the father could be held liable in damages for the life thus wrongfully and feloniously taken. Yet the present case and the illustration given differ only in degree.

*All the Justices concur.*