### 20801.   STANFORD, next friend, v. SMITH.

BROYLES, C. J.   "1. Every person shall be liable for torts committed by his child by his command or in the prosecution and within the scope of his business, whether the same be negligent or voluntary.

"2. While a child may occupy the position of a servant, or of an agent of

his parent, and for his acts if he is either a quasi-servant or an agent of his parent he may be liable under the general principle stated in the foregoing headnote, still a father is not liable for a minor child's tort with which he was in no way connected, which he did not ratify, and from which he did not derive any benefit.

"3. The father of a minor son who is a pupil attending a public school or high school, and who seriously injured a fellow pupil while working in a chemical laboratory by the direction of a teacher, by throwing sulphuric acid in the face of his fellow pupil, is not liable for damages because of this tortious act, it not appearing that the same was committed by the command or with the consent of the father, or that it was ratified by him, or that he derived any benefit therefrom."

4. The above-stated rulings were made by the Supreme Court in this case in answer to a question certified by this court. *Stanford* v. *Smith*, 173 *Ga.* (159 S. E. ). Under the rulings of the Supreme Court and the facts of the case, the petition failed to set out a cause of action, and the case was properly dismissed on general demurrer.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED SEPTEMBER 4, 1931.

*Knight & Patterson,* for plaintiff.
*Slaton & Hopkins,* for defendant.