### 35999. YANCEY *v.* MUNDA.

CARLISLE, J. 1. A father is not liable for a tort, with which he is in no way connected, committed by one of his minor children, which he did not ratify, and from which he did not derive any benefit, merely because of the relationship of parent and child. *Chastain v. Johns,* 120 *Ga.* 977 (48 S. E. 343, 66 L. R. A. 958); *Griffin v. Russell,* 144 *Ga.* 275 (87 S. E. 10, L. R. A. 1916 F 216, Ann. Cas. 1917 D 994); *Hubert v. Harpe,* 181 *Ga.* 168 (182 S. E. 167).

2. However, under an application of the "family-purpose doctrine," if a father or a mother, owning a motor vehicle, and keeping it to be used for the comfort and pleasure of the family, should authorize a minor child to drive the vehicle for the comfort and pleasure of the family, the owner of the vehicle would be liable for the negligence of the minor child operating the vehicle for such purpose. *Griffin v. Russell,* supra. *Cohen v. Whiteman,* 75 *Ga. App.* 286 (43 S. E. 2d 184); *Durden v. Maddox,* 73 *Ga. App.* 491 (37 S. E. 2d 219); *Hirsh v. Andrews,* 81 *Ga. App.* 655 (59 S. E. 2d 552); *Grahl v. McMath,* 59 *Ga. App.* 247 (200 S. E. 342).

3. A father or mother is under no legal duty to furnish a motor vehicle for the comfort and pleasure of his or her family. *Durden v. Maddox,* supra.

4. To hold a parent liable under the family-purpose doctrine for the negligence of a minor child in operating a motor vehicle owned by the parent it must be made to appear that the parent owning the vehicle kept the vehicle for the comfort and pleasure of the family and expressly or impliedly made it available to the minor child for such purpose. *Hirsh v. Andrews,* supra.

5. Where, in an action for damages brought against a father for a tort committed by his minor son when the son negligently drove the father's

truck into the plaintiff's automobile, the only allegations contained in the petition which in any way connect the father with the tort of his son is that the defendant father owned the motor vehicle driven by his minor son and that the minor son was driving the vehicle for his (the minor son's) pleasure, the petition is subject to general demurrer in the absence of any allegation that the father kept the motor vehicle for the comfort and pleasure of his family and had either expressly or impliedly authorized its use by his minor son. The trial court, consequently, in the present case, erred in overruling the general demurrer where those essential elements were not alleged in the petition.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JANUARY 20, 1956.

*W. W. Larsen, W. W. Larsen, Jr.,* for plaintiff in error.
*Nelson & Nelson,* contra.