39280.   CURL v. CHERRY, Next Friend.

EBERHARDT, Judge.   In accordance with the well-settled rule that ambiguous pleadings are to be construed most strongly against the pleader and that pleadings are to be construed in the light of their omissions as well as their averments, the failure of the plaintiff to allege facts as to what status he occupied on the defendant's property will be construed as an allegation that the plaintiff was a bare licensee or a trespasser. Cook v. Southern Ry. Co., 53 Ga. App. 723 (187 SE 274); Piggly Wiggly, Macon, Inc. v. Kelsey, 83 Ga. App. 526 (64 SE2d 201); Ricks v. Boatwright, 95 Ga. App. 267 (97 SE2d 635). The allegations of negligence failing to show a violation of any duty to the plaintiff as a bare licensee or as a trespasser (Code § 105-402; Mandeville Mills v. Dale, 2 Ga. App. 607, 58 SE 1060), it was error to overrule the defendant's general demurrer.

Judgment reversed.   Carlisle, P. J., and Custer, J., concur.

DECIDED JANUARY 25, 1962.

R. M. Daley, Jones & Douglas, Paul J. Jones, Jr., for plaintiff in error.

Thompson & Briley, Joseph H. Briley, H. Dale Thompson, contra.