39396.   GILLON v. JOHNS, Next Friend.

DECIDED MARCH 14, 1962—REHEARING DENIED
MARCH 29, 1962.

*Lokey & Bowden, Hamilton Lokey,* for plaintiff in error.
*Reuben A. Garland,* contra.

EBERHARDT, Judge.   While the overruling of the general demurrer may have been error when that order was made (*Curl*

*v. Cherry,* 105 Ga. App. 239, 124 SE2d 289), the amendment has placed the matter in a different posture.

The filing and certifying of the bill of exceptions to the overruling of the demurrer did not deprive the trial court of jurisdiction to hear or conduct further proceedings in the cause, including the considering and allowing of an amendment to the petition. *Wood v. Delta Ins. Co.,* 101 Ga. App. 720 (2) (114 SE2d 883); *Ware v. Martin,* 208 Ga. 330 (3) (66 SE2d 737).

Consequently, since the petition has now been amended and the order complained of is not to an overruling of a demurrer to the petition *as amended,* there is no final judgment with which this court may now deal. *National Surety Corp. v. Hunt,* 105 Ga. App. 101 (123 SE2d 558). The ruling excepted to in the bill of exceptions, not going to the petition as amended, does not reach the merits and can not become the "law of the case." Rather, the question simply becomes moot and a reversal would not benefit the plaintiff in error. *Mooney v. Mooney,* 200 Ga. 395 (4) (37 SE2d 195).

Since the assignment of error in the bill of exceptions was meritorious and, but for the belated amendment to the petition, would probably have resulted in a reversal, and since the question raised became moot as a result of this action on the part of defendant in error after the filing and certifying of the bill of exceptions (either reason being sufficient), the bill of exceptions is dismissed with the costs of appeal assessed against the defendant in error. *Baird v. City of Atlanta,* 131 Ga. 451 (2) (62 SE 525).

*Dismissed. Carlisle, P. J., and Russell, J., concur.*