39538.   HERRIN, by Next Friend v. LAMAR et al.

DECIDED MAY 21, 1962.

*Bass, Burger, Kidd & Rich, Casper Rich*, for plaintiff in error.
*Edwards, Bentley, Awtrey & Bartlett, Scott S. Edwards, Jr.*, contra.

EBERHARDT, Judge.  This is a personal injury action brought by Leslie E. Herrin, Jr., as next friend of David Herrin against Mr. and Mrs. Marlin Lamar.  Simply stated, the petition alleged

that the minor plaintiff was run over and injured by a riding lawn mower operated by defendants' ten-year-old daughter in the presence of and under instructions from the defendant wife. The parties were next-door neighbors and the incident occurred on the defendants' front lawn. The defendants' general demurrer was sustained.

■ The first matter to be decided is the duty owed by the defendants to the minor plaintiff. The petition alleges that it was "customary and the common occurrance" (sic) for the minor plaintiff and the defendants' children to play in the yards of each other. There seems to be no Georgia case adjudicating whether the plaintiff was an invitee or licensee under these facts. While there are many cases holding that an invitation may be implied by "known, customary use," e.g., *Anderson v. Cooper*, 214 Ga. 164, 169 (104 SE2d 90) and citations, we have found none which holds a person similarly situated to plaintiff minor to be an invitee.

However, "the ultimate result so far as the question of the degree of care due the plaintiff is the same under the peculiar circumstances pleaded whether he was a licensee or an invitee" because, after the owner of property becomes aware of or should anticipate the presence of the licensee, the duty is on the owner to exercise ordinary care to avoid injuring him. *Cooper v. Anderson*, 96 Ga. App. 800, 806, 808 (101 SE2d 770) and citations; *Henderson v. Baird*, 100 Ga. App. 627, 631 (112 SE2d 221). The pleadings here amply show that the defendant wife knew of the presence of the plaintiff. Cf. *Curl v. Cherry*, 105 Ga. App. 239 (124 SE2d 289).

The duty owed plaintiff minor, then, was one of ordinary care. Was the duty violated? The allegations of negligence are:

"(1) In permitting a child of such tender age to use the lawn mower in their front yard when they knew that [plaintiff minor] was present.

"(2) In furnishing the said lawn mower to said child of such tender years and permitting her to use same under the circumstances and conditions hereinabove alleged."

We think the duty of ordinary care was clearly violated

by the defendants' daughter. The only question remaining is that of the defendants' liability under the circumstances here for the acts of their daughter.

■ The Code has long made provision concerning liability for the torts of one's child. *Code* § 105-108. (For the history of this section, see *Curtis v. Ashworth*, 165 Ga. 782, 142 SE 111, 59 ALR 1457). However, the basis of liability is not the parental relationship. *Chastain v. Johns*, 120 Ga. 977 (48 SE 343, 66 LRA 958); *Skelton v. Gambrell*, 80 Ga. App. 880 (3) (57 SE2d 694). Excluding cases applying the "family car doctrine," recovery against the parents has been denied in situations where, because of an act of the child, plaintiff was blinded by sulphuric acid in a school laboratory (*Stanford v. Smith*, 43 Ga. App. 747, 160 SE 93, conforming to certified question, 173 Ga. 165, 159 SE 666); killed by pistol wounds inflicted by a fourteen-year-old (*Skelton v. Gambrell*, 80 Ga. App. 880, supra); stabbed by a fifteen-year-old who was allegedly "reckless, indiscreet, and indifferent as to the rights of others," (*Hulsey v. Hightower*, 44 Ga. App. 455, 161 SE 664); struck by a bicycle being ridden on the sidewalk in violation of an ordinance by a fourteen-year-old on his way to school (*Calhoun v. Pair*, 71 Ga. App. 211, 30 SE2d 776, conforming to certified questions, 197 Ga. 703, 30 SE2d 180); struck by a lawn rake left accessible to a minor (*Matthews v. Johnson*, 100 Ga. App. 331, 111 SE2d 158), and where his livestock was shot (*Chastain v. Johns*, 120 Ga. 977, supra). See, as to gun cases, Annot. 68 ALR2d 782; 13 GBJ 101; 14 GBJ 267; cf., *Milton Bradley Co. v. Cooper*, 79 Ga. App. 302 (53 SE2d 761, 11 ALR2d 1019) and *Gamble v. Davis*, 98 Ga. App. 470 (106 SE2d 89), both firecracker cases; and, as to intentional torts by the child, Annot. 155 ALR 85. Note that most of the above cases were decided before Ga. L. 1956, p. 699 (*Code Ann.* § 105-113) providing for parental liability for "wilful and wanton acts of vandalism" by a minor under seventeen years of age.

None of these cases involves riding, rotary cutting, power lawn mowers. Since the advent of such lawn mowers in the recent past, there is a paucity of Georgia cases concerning these instrumentalities and those decided have involved injuries re-

ceived because of the missile-launching propensities of the rotary mowing action.[1] See *Taylor v. Atlanta Gas Light Co.*, 93 Ga. App. 766 (92 SE2d 709) where the defendant gas company left a piece of pipe on a lawn, which pipe was later thrown into the air by a power lawn mower, striking the plaintiff. The court held that no cause of action was stated because there was an intervening and superseding cause; and see Purkey v. Sears, Roebuck & Co., 220 F2d 700 (5th Cir.) where Georgia law was applied to support a directed verdict for the vendor-defendant in a products liability case. Similar cases are found in Annot., 80 ALR2d 598, 663. The risk of being cut by the moving blades, as here, is a more obvious one which would tend to make the case somewhat simpler from a foreseeability standpoint.

Apparently the only cases allowing recovery against a parent for the injury inflicted by a minor child are *Faith v. Massengill*, 104 Ga. App. 348 (121 SE2d 657), and *Davis v. Gavalas*, 37 Ga. App. 242 (139 SE 577). See *Milton Bradley Co. v. Cooper*, 79 Ga. App. 302, supra. *Faith* involved a parent who furnished a BB gun to a minor in violation of a city ordinance and is thus distinguishable.

Plaintiff here relies solely on *Davis* where the petition was held to have stated a cause of action against the parents of a five-year-old child who, while riding a velocipede on a sidewalk at night ran into the plaintiff. The court there held in headnote 1 that "allegations to the effect that the parents furnished the velocipede to the child and knowingly permitted him to ride it upon the sidewalk under the circumstances indicated, and the child, who on account of his tender years was irresponsible, incompetent, and unqualified to use the velocipede with such

---

[1]See, for information and as a matter of interest, American Standards Association-Outdoor Power Equipment Institute Safety Rules, obtainable from American Standards Association, 10 E. 40th St., New York 16, N. Y., reprinted in *The American Home*, April 1962, p. 30, and a discussion of the increasing problem occasioned by rotary mowers in *Time*, May 4, 1962, p. 56.

care and diligence as not to injure the plaintiff, used the velocipede and negligently collided with the plaintiff were equivalent to alleging that the parents were negligent in knowingly permitting a child of such age to use the velocipede in the manner stated, and charge actionable negligence on the part of the parents."

Parental liability is dependent upon agency principles, the parent not being liable for a tort "with which he was in no way connected, which he did not ratify, and from which he did not derive any benefit." *Chastain v. Johns*, 120 Ga. 977, supra. Accord: *Stanford v. Smith*, 173 Ga. 165, 166, supra; *Hulsey v. Hightower*, 44 Ga. App. 455, 458, supra. See *Griffin v. Russell*, 144 Ga. 275, 277 (87 SE 10, LRA 1916F 216, AC 1917D 994); *Yancey v. Munda*, 93 Ga. App. 230 (1) (91 SE2d 204). In the case sub judice, the allegations are that the riding mower was being operated by defendants' ten-year-old daughter in the presence of, with the consent of and under direction of the defendant wife. It is further alleged that the defendant wife was at all times acting as the agent of the defendant husband, which allegation is good against general demurrer. *Conney v. Atlantic Greyhound Corp.*, 81 Ga. App. 324 (58 SE2d 559); *Bankers Fidelity &c. Co. v. Morgan*, 104 Ga. App. 894, 896 (1) (123 SE2d 433). Thus it cannot be said that the parents here were in no way connected with, or did not ratify or gain any benefit from the activities of their daughter.

It was error to sustain the defendants' general demurrers.

*Judgment reversed. Carlisle, P. J., and Russell, J., concur.*