111 Ga. App. 817 (1965)
143 S.E.2d 413
BELL
v.
ADAMS.
41143.
Court of Appeals of Georgia.
Argued February 3, 1965.
Decided April 30, 1965.
Rehearing Denied June 14, 1965.
*818 G. Hughel Harrison, for plaintiff in error.
Merritt & Pruitt, Glyndon C. Pruitt, contra.
BELL, Presiding Judge.
1. "Liability of a parent for the tort of a child is governed by the ordinary principles of liability of a principal for the acts of his agent, or a master for his servant. It does not arise out of a mere relation of parent and child." Chastain v. Johns, 120 Ga. 977, 978 (48 SE 343, 66 LRA 958). This rule still obtains except as modified by Code Ann. § 105-113. This action, however, does not seek to recover against defendant for negligence of his son for which defendant might be liable under agency principles. Instead, it is based upon charges of negligence committed by defendant himself.
*819 Under appropriate construction of the petition and upon the premises of plaintiff's argument to establish liability under Code Ann. § 105-113, the shooting of plaintiff's son was a third person's independent criminal act intervening between defendant's alleged negligence and plaintiff's injury. In a suit for damages, where it appears upon the face of the plaintiff's petition that there intervened between the alleged negligence of the defendant and the damage sustained by the plaintiff, the independent criminal act of a third person which could not have been reasonably foreseen by the defendant, and which was the direct and proximate cause of the damage, the petition should be dismissed on general demurrer. Andrews & Co. v. Kinsel, 114 Ga. 390 (40 SE 300, 88 ASR 25); Daigrepont v. Teche Greyhound Lines, Inc., 189 Ga. 601, 605 (7 SE2d 174, 127 ALR 217); Pinnell v. Yellow Cab Co., 77 Ga. App. 73, 75 (47 SE2d 774); Skelton v. Gambrell, 80 Ga. App. 880, 884 (57 SE2d 694).
The latter rule apparently would not apply if the petition had disclosed that the defendant had reasonable grounds for apprehending that the criminal act would be committed. See Williams v. Grier, 196 Ga. 327, 338 (26 SE2d 698). However, the petition contains no averments showing that defendant had any reason to anticipate his son's act of shooting another. This case is controlled adversely to plaintiff by the above authorities and by Hulsey v. Hightower, 44 Ga. App. 455 (161 SE 664), in which are discussed issues involved here. See, also, the cases denying parental liability which are mentioned by Judge Eberhardt in Herrin v. Lamar, 106 Ga. App. 91, 93 (2) (126 SE2d 454) and see 68 ALR2d 782 on the subject of liability of persons allowing children access to guns.
2. Plaintiff contends that her petition sets forth a right to recover under Code Ann. § 105-113, which provides: "Every parent having the custody and control of a minor child or children under the age of 17 shall be liable for the wilful and wanton acts of vandalism of said minor child or children resulting in injury or damage to the person or property of another . . ."
Code Ann. § 105-113 is in derogation of common law. For this reason it must be strictly construed. Foster v. Vickery, 202 Ga. 55, 60 (42 SE2d 117) and citations. In the construction *820 of statutory enactments, the ordinary signification shall be applied to all words. Code § 102-102 (1). "Vandalism" means the destruction of property generally. General Accident &c. Corp. v. Azar, 103 Ga. App. 215, 218-219 (119 SE2d 82). "Vandalism" does not encompass within its meaning acts directed only against persons. Accordingly, the statute provides for liability of the parent only in instances where the child's act is one that is intended to damage property. Of course, an act of vandalism within this meaning of the Code may result in injury to persons and consequent liability of the parent for the personal injuries inflicted. See Landers v. Medford, 108 Ga. App. 525, 527-529 (2, 3) (133 SE2d 403), which differs from this case in that the act there resulting in injuries to the plaintiff's son was essentially an act against property and therefore within the meaning of "acts of vandalism" as used in Code Ann. § 105-113. Here there is no allegation that the act of the defendant's minor son was in any way directed toward the damage of property.
The judgment of the trial court sustaining the defendant's general demurrer and dismissing plaintiff's petition must be affirmed.
Judgment affirmed. Frankum and Hall, JJ., concur.