41486, 41487.   HERRIN et al. v. SPIKES (two cases).

ARGUED SEPTEMBER 7, 1965—DECIDED SEPTEMBER 17, 1965.

*Bennett, Pedrick & Bennett, Larry E. Pedrick,* for plaintiffs in error.

*Sumner & Boatright, J. Laddie Boatright,* contra.

FELTON, Chief Judge. Where an order sustains demurrers to a petition and provides that the case will be dismissed unless the petition is amended within a stated time so as to cure the defects pointed out by the demurrers, such order, unexcepted to, fixes the law of the case as to the necessity for filing the required amendments and the case is properly dismissed when the plaintiff's amendment fails to meet the objections raised by the demurrers, whether the order requiring amendments was correct or not. *Jones v. Butler,* 191 Ga. 126, 128 (12 SE2d 326) and cit.; *Hayes v. Simpson,* 83 Ga. App. 22 (62 SE2d 441) and cit.; *Northside Manor, Inc. v. Vann,* 219 Ga. 298 (133 SE2d 32).

The general and special demurrers called on the plaintiffs to allege why the plaintiff wife could not see the revolving tub, why she did not have equal means with the defendants of seeing it and why, by the exercise of ordinary care, she could not have known thereof. The proffered amendment alleged, inter alia, that the revolving mechanism was enclosed in a metal cabinet so that it could only be seen by looking through the door on the top of the machine and that she had been opening this very door when she was injured. This is an allegation that she did not see the revolving mechanism, but not that she could not have seen it by looking through the door. Furthermore, the amendments failed to amend paragraphs 22, 23 and 24 of the petitions to meet the rulings on demurrer requiring amendment as to said paragraphs.

The defendants in error contend that a second amendment, which the court allowed them to file after the bill of exceptions was signed but which is not a part of the record, brings this case within the rule set forth by this court in *Gillon v. Johns,* 105 Ga. App. 599 (125 SE2d 70), which is as follows: "When it is brought to the attention of this court that the petition has been amended since the filing and certifying of the bill of exceptions, in which error is assigned on the overruling of a general demurrer to the petition, the posture of the case has changed and there is no final judgment going to the petition as amended with which this court can deal. Under such circumstances, the bill of exceptions must be dismissed." The *Gillon* case is not controlling authority since the assignment of error therein was on the overruling of a general demurrer. There the circumstances permitted further amendment, whereas in the case at bar the assignment of error was solely on the overruling of motions to dismiss, made after the time allowed by the court's order for amendment. The initial amendments having failed to cure *all* of the grounds of the demurrers sustained by the unexcepted-to orders, the cases stood dismissed as of the expiration of the 30 day period allowed for amendments; therefore, the court erred in overruling the motions to dismiss.

*Judgments reversed. Jordan and Deen, JJ., concur.*