42105.   JORDAN v. J. C. PENNEY COMPANY.

Argued June 10, 1966—Decided September 7, 1966—
Rehearing denied December 6 and December 19, 1966—

*Jack V. Dorsey,* for appellant.

*Greene, Neely, Buckley & DeRieux, John D. Jones,* for appellee.

JORDAN, Judge. 1. The original order sustaining the general demurrers with leave to amend unappealed from did not become the law of the case, since after plaintiff's amendments the defendant renewed its demurrers to the "petition as amended" and moved to strike each count of the "petition as amended." Under the ruling in *Folsom v. Howell,* 94 Ga. 112 (1) (21 SE 136) and the recent case of *Perkins v. First Nat. Bank of Atlanta,* 221 Ga. 82 (7) (143 SE2d 474), this opened the sufficiency of the petition to a fresh adjudication. Since the demurrers to the petition as amended were sustained, we look to the petition as amended to determine if a cause of action was set forth therein.

2. Count 1 of the petition is based on tortious misconduct occasioned by the following alleged facts: One of defendant's employees on December 17, 1964, demanded that plaintiff, while on defendant's premises and in the presence of a large number of other customers, turn over her charge card and stated to plaintiff that no more credit would be extended to her. When plaintiff asked the reason for such action, the employee informed her that it was because she had gone bankrupt; that later the same day defendant's assistant manager called plaintiff at her home inquiring if she had an account with their Macon store, that a customer with the same name as plaintiff who lived near Macon had gone bankrupt; that the following day the defendant's manager called plaintiff stating that a mistake had been made; that several days later plaintiff received a letter of apology from the defendant, advising that she was being issued a new account number; that about six weeks later plaintiff received a certified letter from an attorney allegedly representing the defendant advising her that the revoked credit cards had not been turned in and that the use of the cards with knowledge of their revocation might well constitute a serious offense; that after receipt of this letter, plaintiff called said attorney long distance in an effort to convince him that she was not a bankrupt; that the attorney "talked very ugly and unkind to plaintiff and told her that if she had done nothing wrong, what in the hell was she worried about?, and then he hung up the phone."

As to the conduct of defendant's employee while plaintiff was in the store, no tortious misconduct is shown, since the defendant could refuse credit to anyone at anytime and without giving a reason therefor. Such remarks as were allegedly made fail to come within the category of opprobrious, insulting or abusive language. The explanation given by the employee was in response to a request by plaintiff. As stated in *Brown v. Colonial Stores,* 110 Ga. App. 154, 159 (138 SE2d 62), "a proprietor is liable for the *tortious* misconduct of the employee, not on conduct falling short of a tort."

Such facts as are alleged to have occurred after the plaintiff left the defendants' premises, even if tortious, would not be actionable since the invitee relationship had ceased. *Greenfield v. Colonial Stores,* 110 Ga. App. 572, 574 (139 SE2d 403). See, however, this writer's concurring opinion in that case.

3. Count 2 alleges that the employee's remarks as set forth in Count 1 of the petition constituted a slander of the plaintiff. Assuming, but not deciding, that such remarks were slanderous, this count is defective, since the petition, while alleging that the employee was acting within the scope of her employment and under the direct authority and direction of the defendant corporation, fails to affirmatively allege that the corporation "expressly directed the agent to use the *identical* words used" by her. *Ozborn v. Woolworth,* 106 Ga. 459, 460 (32 SE 581). As Judge Eberhardt, speaking for the court, said in *World Ins. Co. v. Peavy,* 110 Ga. App. 527 (139 SE2d 155), at p. 528: "This rule may seem harsh, but without it the corporate defendant would often have no defense to an action for an unauthorized, even unforeseen and rash act of the agent. If, in the light of present day concepts, it is too harsh, the amelioration of the rule lies only in the province of the Supreme Court, for, as has been seen, it stems from *Behre v. National Cash Register Co.,* 100 Ga. 213 [27 SE 986], supra, by which we are bound."

4. Count 3, in addition to the facts set forth above, alleges that plaintiff was not given credit for a payment previously made; that on or about March 15, 1965, she received a notice by mail from defendant that she had failed to make previous payments which were past due; that by reason of all of said

actions by defendant, plaintiff received a severe nervous shock and fright, that such should have been foreseen by the defendant and that such actions amount to a wilful disregard of the consequences and an invasion of plaintiff's right of privacy and her personal security.

Under the reasoning of the Supreme Court in *Gouldman-Taber Pontiac, Inc. v. Zerbst,* 213 Ga. 682 (100 SE2d 881) and of this court in *Davis v. General Finance &c. Corp.,* 80 Ga. App. 708 (57 SE2d 225), no cause of action for invasion of the right of privacy is set forth. See the recent case of *Cabaniss v. Hipsley,* 114 Ga. App. 367 (151 SE2d 496), for a full discussion of actions relating to invasion of the right of privacy.

5. The enumeration of error based on the denial of plaintiff's motion to strike the defendant's answer becomes moot since the petition failed to state a cause of action.

The trial court did not err in dismissing the petition as amended.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*