42819. CITY STORES COMPANY v. HENDERSON et al.

ARGUED JUNE 5, 1967—DECIDED JUNE 15, 1967—
REHEARING DENIED JUNE 30, 1967—

*Neely, Freeman & Hawkins, Thomas G. Harper, Jr.,* for appellant.

*Henry M. Henderson,* for appellees.

EBERHARDT, Judge. ■ Appellees, Mr. and Mrs. Henderson, have filed a motion to transfer the case to the Supreme Court on the ground that the setting off of an ex contractu claim against an ex delicto action involves the exercise of equity powers of the trial court, hence asserting that this is an equity case.

We decline to transfer the case because we can find nothing in it requiring the exercise of equity powers. In a legal sense no setoff is involved. "A setoff is a cross action, and must be pleaded with as much certainty and definiteness as a declaration in any suit at law. *Kahrs v. Kahrs,* 115 Ga. 288 (3) (41 SE 649); *Bracken v. Dillon,* 64 Ga. 243 (6) (37 AR 70); *Atlanta Glass Co. v. Noizet,* 88 Ga. 43, 44 (13 SE 833); *Code* §§ 81-101, 24-3310, 81-105." *Morris v. International Agricultural Corp.,* 53 Ga. App. 517 (2) (186 SE 583). The mere fact that plaintiffs in their own petition offered to credit the merchandise account against their claim for damages does not make it a setoff or a cross action. Having tendered the credit, no power of the court, equity or otherwise, requiring plaintiffs to allow the credit is invoked or required. It is a voluntary offer on their part. Thus defendants have not invoked equity powers of the court by pleading a setoff and have filed no cross action. Nobody has invoked the exercise of the court's equity power. There is no equity in the case.

This court has jurisdiction of the appeal, and the motion to transfer is denied.

■ Appellees move to dismiss the appeal, asserting that on June 1, 1967 (after the appeal was docketed in this court), they amended their petition in the trial court and that consequently the judgment sought to be reviewed is not and could not be a final judgment on a demurrer to the petition as amended. It is urged that the questions raised on appeal have thus become moot. Reliance for this proposition is on *Griffith v. Morgan,* 115 Ga. App. 518 (154 SE2d 822), but it is misplaced, for in that case the amendment was tendered and allowed in

the trial court *prior to the filing of the notice of appeal* and within the time provided for amendment by an order sustaining certain special demurrers. In that case the appeal was premature. It is not authority for dismissing this appeal.

However, there are cases in which it has been held that where a general demurrer is *overruled,* as here, the case is still pending in the trial court, subject to amendment, even after the signing and filing of a bill of exceptions under the practice obtaining prior to the Appellate Practice Act of 1965. See *Ware v. Martin,* 208 Ga. 330 (3) (66 SE2d 737); *Sammons v. Tingle,* 216 Ga. 814, 815 (1) (120 SE2d 124); *Welsch v. Wilson,* 218 Ga. 843 (1) (131 SE2d 194), and citations; *Ritzert v. Bulloch County,* 100 Ga. App. 686 (1) (112 SE2d 235); *Wood v. Delta Ins. Co.,* 101 Ga. App. 720 (2) (114 SE2d 883); *Gillon v. Johns,* 105 Ga. App. 599 (125 SE2d 70), and *Studdard v. Evans,* 108 Ga. App. 819, 821 (1) (135 SE2d 60). Since the Appellate Practice Act became effective this rule has been recognized in *Davis House, Inc. v. Mink,* 115 Ga. App. 264 (154 SE2d 661).

(While we find the amendment here to be immaterial, as is observed later in the opinion, and thus we are not called upon to decide whether the filing of a *material* amendment would render the appeal moot, we do call attention to the case of *Kiser v. Kiser,* 214 Ga. 849 (108 SE2d 265), where Justice Head, at page 851, distinguishing some of the cases, may have determined that it generally does not.)

"The solemn duty devolves upon this court to inquire into its jurisdiction to entertain each appeal and review the alleged errors of the trial court. *Byrd v. Goodman,* 192 Ga. 466 (1) (15 SE2d 619)." *Elliott v. Leathers,* 115 Ga. App. 352 (154 SE2d 694). This inquiry involves the matter of whether our jurisdiction may have been divested by the filing of an amendment to the petition in the trial court. If another adjudication in the trial court is required by the filing of the amendment the question before us has become moot and we should dismiss the appeal; aliter, if no further adjudication is required.

What is the effect of an amendment? *Code* § 81-1312 provides that if it materially changes the cause of action or defense it opens the petition anew to demurrer, but "An immaterial

amendment shall not so open the petition or other pleading. . ."

In connection with a motion to dismiss on this ground the burden is on the movant to demonstrate that the amendment has materially changed the cause of action or defense. Although it is asserted that the amendment is material, movant fails to demonstrate it, and upon examination of a copy which the clerk of the trial court has certified and sent up, it appears to be immaterial under the standards of *Blanchard v. Posey*, 81 Ga. App. 631 (1) (59 SE2d 530), *LaHoste v. Yaarab Mounted Patrol*, 89 Ga. App. 397 (79 SE2d 570), and many others. Neither its conclusions from nor the re-statement of the facts already pleaded, separately or conjunctively, constitutes a change in the cause of action. *Johnston v. Dollar*, 83 Ga. App. 219, 222 (2) (63 SE2d 408).

If we should dismiss this appeal, since the amendment is immaterial the trial judge would not be required to make any further adjudication or enter any further order. The only result would be to cut off from appellant a right of appeal, since the order overruling the general demurrers was entered February 22, 1967, and amended March 3, 1967. More than 30 days has passed, even from the date of the amending of the order, and under the provisions of *Code Ann.* § 6-803 the notice of appeal must be filed within 30 days from the entry of the order or judgment appealed from. Indeed, since the amendment is not a material one the trial court would have no jurisdiction to entertain or rule on a new demurrer or motion to dismiss. *Loughridge v. City of Dalton*, 166 Ga. 323 (1) (143 SE 393); *Gassett v. Hugh Steele, Inc.*, 113 Ga. App. 47, 50 (147 SE2d 10). Consequently, no further appealable order could be entered, and further attempt by the defendant-appellant to obtain a review of the order overruling its general demurrer would be frustrated by another dismissal. *Hicks v. Maple Valley Corp.*, 223 Ga. 69 (153 SE2d 547). This hardly accords with the purpose and intent of the Appellate Practice Act declared to be "to bring about a decision on the merits of every case appealed." In keeping with our duty to inquire into our jurisdiction and with the avowed purpose of the Act, we must make a determination of

whether the amendment is of a character that would change the cause of action, or the defense thereof, and thus whether it is material—but we go no further.[1] If the amendment is found to be material, another adjudication in the trial court is required on the petition as amended; but if it is not, a return of the case to the trial court would be an exercise in futility, depriving the appellant of a review which it should have. We find it to be immaterial.

Dealing with a somewhat similar problem the Supreme Court asserted in *Humphries v. Morris*, 179 Ga. 55, 57 (175 SE 242): "Any other view would lead to utter confusion. If one could amend his pleadings by merely having the amendment 'allowed' by the trial judge, without filing, the effect would be to place it in the power of the amending party to prevent an exception to the judgment by withholding it from the record until the time had expired within which the exception might be certified by the court and filed. This would deprive the opposite party of a substantial right."

█ █ The tortious misconduct for which plaintiffs seek to recover damages is alleged to consist of the refusal, without prior notice of credit revocation, of defendant's clerk to extend further credit to Mrs. Henderson when she sought to charge purchases made at its Lenox Square store December 8, 1965. It is alleged that on this occasion defendant's clerk and the assistant manager of the store (called in by the clerk), informed her "that instructions had been received to the effect that her purchases upon such charge plate should not be honored, and in the event she appeared for such purpose she was to be asked to surrender the charge plate she offered." Extension of credit on the proffered charge plate was thus denied. It is alleged that the incident occurred during the Christmas shopping season when many people were in the store, and that it was within the presence and

---

[1] This is in keeping with the precedent of prior cases in which a determination of materiality was made. See *Gillon v. Johns*, 105 Ga. App. 599 (125 SE2d 70); *Rheem Mfg. Co. v. Hutcheson*, 108 Ga. App. 8 (131 SE2d 863); *Brown v. Welsch*, 109 Ga. App. 570 (136 SE2d 535); *Davis House, Inc. v. Mink*, 115 Ga. App. 264 (154 SE2d 661).

hearing of a number of them, causing Mrs. Henderson "considerable embarrassment and humiliation, severely injuring her peace, happiness and feelings."

It is further alleged that defendant's collection' manager. wrote a letter to her January 11, 1966, mailing it from New York, calling on her for payment of previous charges, asking that she return the additional credit card and further stating: "We wish to make this known to you, so that it will not prove embarrassing to all concerned. If you attempt further charging under these circumstances, it amounts to attempting to obtain goods without having a charge account."

We can find nothing in the conduct of the defendant's clerk, assistant store manager or collection manager that amounts to tortious misconduct, giving rise to a cause of action. While it is not alleged that the clerk or assistant manager were rude, boisterous or abusive in requesting the surrender of the credit card (and we must therefore assume that they were not), their conduct in refusing the extension of credit and asking surrender of the credit card would not have given rise to a cause of action even if it had been so alleged. *Wittern v. J. M. High Co.*, 36 Ga. App. 117 (135 SE 765); *Miller v. Friedman's Jewelers, Inc.*, 107 Ga. App. 841 (131 SE2d 663). Cf. *Enloe v. Western Union Tel. Co.*, 5 Ga. App. 502 (63 SE 590). Certainly there is nothing slanderous in informing a customer seeking to make purchases on a credit card issued to her that the store's credit department has given instructions to the employees to extend no further credit on the card and to request its surrender. That other customers were present in the store when the holder of the card sought to make the purchases and who may have heard or observed that the card holder's credit was being discontinued does not make it slanderous or make the incident one of tortious misconduct. *Anderson v. Fussell*, 75 Ga. App. 866 (44 SE2d 694); *F. W. Woolworth Co. v. Loggins*, 115 Ga. App. 557 (155 SE2d 462).

The issuance of a credit card is but an offer to extend a line of open account credit. It is unilateral and supported by no consideration. The offer may be withdrawn at any time, without prior notice, for any reason or, indeed, for no reason at all, and its withdrawal breaches no duty—for there is no duty to continue

it—and violates no rights. Acceptance or use of the card by the offeree makes a contract between the parties according to its terms, but we have seen none which prevents a termination of the arrangement at any time by either party. If notice of termination is required by either party, it must be so provided in the contract. As a rule there is no requirement of prior notice for termination by the issuer. A request to the person holding the card that it be surrendered upon termination of the extension of credit by the issuer is reasonable, and if he has the card it should be surrendered. If it becomes lost or stolen the contract generally requires that prompt notice of that fact be given to the issuer. There is no allegation in this petition of any contract requirement of prior notice of cancellation by the issuer, and we must assume that there was none.

Construing this petition against the plaintiffs, as must be done on demurrer, it must be concluded that nothing has been done by or on behalf of the defendant which it did not have a right to do, and that nothing said by the defendant's clerk or assistant manager amounts to slander. Consequently neither of them has committed any tort against the plaintiffs. *Jordan v. J. C. Penney Co.*, 114 Ga. App. 822 (152 SE2d 786) ; *Zayre of Atlanta v. Sharpton*, 110 Ga. App. 587 (2) (139 SE2d 339) ; *Barry v. Baugh*, 111 Ga. App. 813 (143 SE2d 489). It is settled that no action lies against the proprietor of a store for "tortious misconduct" of a store employee unless the conduct itself would support an action in tort against the employee. *Brown v. Colonial Stores, Inc.*, 110 Ga. App. 154, 159 (138 SE2d 62).

It may be embarrassing and humiliating to have one's credit discontinued; it may make him unhappy and adversely affect his feelings and peace of mind, as Mrs. Henderson alleges it did to her, but that does not make it a tort, or give rise to a cause of action. Those who are engaged in the operation of stores or similar places where goods, wares and merchandise are offered for sale must be afforded the use of reasonable means in protecting their solvency. An enforced extension of credit could deplete the assets as effectively as would a purloining of the goods. Cf. *Gouldman-Taber Pontiac, Inc. v. Zerbst*, 213 Ga. 682 (2) (100 SE2d 881) ; *Brown v. Colonial Stores*, supra.

The allegations of this petition disclose nothing more than a

civil, orderly informing of Mrs. Henderson that further extensions of credit to her could not be made and that she was requested to surrender the credit cards. It was not slanderous or otherwise tortious.

■ Did the sending of the letter by defendant's collection manager afford the basis for an action for tortious misconduct? Obviously not. Nothing in the letter is libelous; if it were, there is no allegation of publication. She was simply asked to pay the account representing prior charges and to send in the remaining credit card and admonished that *if she should attempt further charging* under these circumstances, it would amount to an attempt to obtain goods without having a charge account. There is no charge of the commission of any crime—merely an admonition that in her future conduct she should avoid what the law forbids. There is no statement, even by innuendo, that she had done or had sought to do that which the law forbids. The letter affords no basis for an action.

Moreover, as we have heretofore pointed out, the action for tortious misconduct is based upon the invitor-invitee relationship and has no application where that relationship has ended. *Greenfield v. Colonial Stores, Inc.*, 110 Ga. App. 572, 574 (139 SE2d 403) ; *Jordan v. J. C. Penney Co.*, 114 Ga. App. 822, supra. Certainly Mrs. Henderson's relationship as an invitee ended when she left the store on December 8, and the letter was not written until January following, and was written from New York to her in Atlanta.

The general demurrer should have been sustained.

*Judgment reversed. Felton, C. J., and Hall, J., concur.*