64759. SMITH et al. v. FEDERATED DEPARTMENT STORES, INC. et al.

SOGNIER, Judge.
James A. and Patty P. Smith sued Federated Department Stores, Inc. (Federated), several employees of Federated's store, Rich's, and First National Bank of Atlanta (First National). We are concerned only with their claim against First National which was based on its alleged negligence in instructing Rich's employees to pick up Mrs. Smith's VISA credit card when she attempted to use it to make purchases. Payments on the credit card account were overdue, purportedly because of a problem with a change of address; however, the Smiths allege that First National breached a duty to them in erroneously using inaccurate credit information in its instructions to Rich's. The trial court granted First National's

motion for summary judgment and the Smiths appeal.

Appellants contend that the trial court erred in granting summary judgment because they have demonstrated an actionable claim for relief upon First National's negligence in managing its credit system and because questions of fact remain as to the alleged negligence. Citing *City Stores Co. v. Henderson,* 116 Ga. App. 114 (156 SE2d 818) (1967), the trial court ruled that since the credit agreement between the parties permitted First National to withdraw credit privileges and to demand the return of the card at any time, First National committed no improper act in requesting that Rich's pick up the card. Appellants concede that First National may have a contractual right to terminate their credit and to seize the credit card, but argue that First National cannot rely upon its contractual provisions because their action was brought in tort.

Appellants fail to distinguish *City Stores,* supra, in which this court held: "The issuance of a credit card is but an offer to extend a line of open account credit. It is unilateral and supported by no consideration. The offer may be withdrawn at any time, without prior notice, for any reason or, indeed, for no reason at all, and its withdrawal breaches no duty — for there is no duty to continue it — and violates no rights." Id. at 120-121. Thus, nothing has been done by or on behalf of First National which it did not have a right to do, irrespective of any alleged error in its decision to revoke appellants' credit card.

Appellants' reliance on Wood v. Holiday Inns, 508 F2d 167 (5th Cir. 1975), is misplaced. In that case the credit card holder's theory of the case was based upon the *manner* in which his card was revoked. However, as to the issuer of the card — Gulf — there was no evidence of negligence. "The only relevant action undertaken by Gulf was its directive to pick up Wood's credit card. . . . [Since] Gulf retained the contractual right to revoke the credit card without notice . . . Gulf's decision to terminate Wood's credit was not tortious, and . . . no duty [has been shown] which Gulf is alleged to have breached." Wood, supra at 177. See generally *Jordan v. J. C. Penney Co.,* 114 Ga. App. 822, 823 (2) (152 SE2d 786) (1966).

"If a defendant does not owe a plaintiff any legal duty which the defendant has neglected to perform, no action can be maintained against the defendant for negligence. 'Actionable negligence does not exist in the absence of the breach of some legal duty.' [Cit.]" *Washington v. Combustion Engineering,* 159 Ga. App. 555, 557 (284 SE2d 61) (1981). See *Ferrell v. Haas,* 136 Ga. App. 274, 278 (220 SE2d 771) (1975).

"Once he pierces the pleading of plaintiff and shows the court that one essential element, under any theory, is lacking and incapable

of proof, the defendant-movant is entitled to summary judgment as a matter of law, irrespective of any issues of fact with regard to other essential elements. [Cits.]" *Holiday Inns v. Newton,* 157 Ga. App. 436 (278 SE2d 85) (1981). In the absence of any evidence of breach of a legal duty, an essential element of appellants' case against First National is lacking. The trial court did not err in granting summary judgment in favor of First National. See *Newton,* supra.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 4, 1983 —
REHEARING DENIED FEBRUARY 17, 1983.

*James K. Jenkins, John O. Ellis, Jr.,* for appellants.
*Ben Kingree III, Marilyn D. Britwar,* for appellees.