32753. SKELTON *et al v.* GAMBRELL *et al.*

Decided February 17, 1950.

*William S. Shelfer,* for plaintiffs in error.

*C. D. Stewart, Douglas C. Lauderdale Jr.,* contra.

FELTON, J. In their petition the plaintiffs allege that the defendant W. C. Skelton Jr. "caused" the pistol or revolver to be discharged or fired, and that he was negligent "in causing the revolver to be fired when pointed toward petitioners' mother and wife." While the words "caused" and "causing" are duplicitous in their meaning, it is more generally accepted that they convey the meaning of intention and affirmative action. 14 C.J.S., pp. 51-53. Construing the plaintiffs' petition most strongly against them, as we are required to do, it shows that the defendant W. C. Skelton Jr. wilfully and intentionally shot the plaintiffs' mother and wife. This view of the petition is strengthened by the plaintiffs' allegation that the suit was for the malicious homicide of the plaintiffs' mother and wife. Thus the petition showed that the alleged original acts of negligence of the defendants W. C. Skelton Sr. and Mrs. Lillian E. Skelton were broken by the intervening criminal act of W. C. Skelton Jr. In a suit for damages, where it appears upon the face of the

plaintiffs' petition that there intervened between the alleged negligence of the defendant and the damage sustained by the plaintiff, the independent criminal act of a third person which could not have been reasonably foreseen by the defendant, and which was the direct and proximate cause of the damage, the petition should be dismissed on general demurrer. *Andrews & Company* v. *Kinsel*, 114 *Ga.* 390 (40 S. E. 300) ; *Pinnell* v. *Yellow Cab Company*, 77 *Ga. App.* 73 (47 S. E. 2d, 774). The mere relationship of parent and child will not render the parent liable for an independent tort of the child. Such liability rests upon the same grounds upon which the parent will be responsible for the negligence or wrong of any other person. *Hulsey* v. *Hightower*, 44 *Ga. App.* 455 (161 S. E. 664). The *Hulsey* case, supra, is somewhat analogous to the present case. There the petition alleged that the defendant was negligent in furnishing his 15-year-old son a long-bladed knife with which the son intentionally inflicted a very serious injury upon the plaintiff. This court, in holding that the general demurrer to the petition should have been sustained, said: "The son had attained the age of accountability under the criminal law (Penal Code of 1910, § 33), and the petition does not go so far as to show that he was possessed of a positively vicious or criminal disposition, and the presumption was that he would not commit the criminal offense of stabbing, or of assault with intent to murder, as charged in the petition. The petition fails to show that the father should have anticipated such conduct upon his son's part, and therefore the act of the father in furnishing the knife could not be said to be the proximate cause of the plaintiff's injuries. The malicious and intentional act of the son was an occurrence which did not flow in the usual and ordinary course of events from a disposition which was merely reckless and indifferent, and it does not appear from the allegations that the father was forewarned and should have anticipated that such a thing would probably happen in consequence of his own act of furnishing the knife to his son." We think the plaintiffs' allegation that the defendants W. C. Skelton Sr. and Mrs. Lillian E. Skelton knew that W. C. Skelton Jr. had pointed the pistol at other customers just a few days prior to the shooting, was not sufficient to show notice on their part that W. C. Skelton Jr. would commit the

criminal offense of murder or manslaughter. Nor do we think the mere allegation "that said store was owned and operated by the defendants named herein," was sufficient to show that the son was acting as servant or agent of the parents and within the scope of their employment. The allegation that the defendants W. C. Skelton Sr. and Mrs. Lillian E. Skelton were negligent in violating the Atlanta city ordinance pertaining to permits to deal in pistols, which we do not think relevant, and the ordinance pertaining to permits to purchase pistols, alone are not sufficient to bring the case within the purview of the holding in *Spires* v. *Goldberg*, 26 *Ga. App.* 530 (106 S. E. 585).

The petition did state a good cause of action against the defendant W. C. Skelton Jr., but not against the defendants W. C. Skelton Sr. and Mrs. Lillian E. Skelton.

The trial court erred in overruling the general demurrer of the defendants, W. C. Skelton Sr. and Mrs. Lillian E. Skelton.

*Judgment affirmed in part and reversed in part. Sutton, C. J., and Worrill, J., concur.*