DONALD T. PEPPER and JANET L. PEPPER, an infant, by her next friend, Donald T. Pepper, Plaintiffs, v. RONALD W. HOFFECKER, THOMAS A. FRAIZER and LACEY MOORE, Defendants.

(*June* 11, 1963.)

CHRISTIE, J., sitting.

*Harold Schmittinger* for the plaintiffs.

*Grover C. Brown* for the defendant, Thomas A. Fraizer, *William S. Hudson* and *David P. Buckson* for the defendant, Lacey Moore, *Henry J. Ridgely* for the defendant, Ronald W. Hoffecker.

Superior Court for Kent County, No. 378, Civil Action, 1961.

CHRISTIE, Judge.

This suit is based on an injury the minor received from a mysterious gun shot wound. Plaintiff, Donald T. Pepper sues the three defendants in his own right as parent of Janet L. Pepper, and the plaintiff, Janet L. Pepper, a minor, sues by her next friend, Donald T. Pepper.

On the evening of January 14, 1961, at a few moments past seven o'clock, Janet L. Pepper, then eleven years old, switched on the light of her bedroom on the second floor of the Pepper home located on North Little Creek Road. At that moment, she fell to the floor seriously wounded by a bullet which had entered the room from the vicinity of North Little Creek Road through the front window. Her father ran to her from another room when he heard her fall.

She was rushed by ambulance to the Kent County Hospital in Dover and from there to the Delaware Hospital in Wilmington. An emergency operation was perform-

ed and it was found that a 22 calibre bullet was lodged in the child's head, having passed through the entire back portion of her brain. The bullet was removed and the bleeding was controlled. She was unconscious for several days. When she regained her consciousness she remained in critical condition for several additional days. When she was released from the hospital, she returned home with permanently and seriously impaired vision.

On the evening that the minor plaintiff was injured, the defendants, Ronald W. Hoffecker, then age seventeen, and Thomas A. Fraizer, then age twenty-one, drove in Hoffecker's car to the home of the defendant, Lacey Moore. Upon request, Moore loaned them his 22 calibre single action Western style Colt revolver so that they might go to the dump to shoot rats. Moore was acquainted with both of the defendants. He had been shooting with them and knew that they were familiar with firearms although he had never used this particular revolver with them. He did not consider it necessary to explain its operation to them because of their experience with firearms.

Defendants Hoffecker and Fraizer took the revolver and started out in the Hoffecker car with Hoffecker driving along North Little Creek Road. After they left Dover, but before they reached the dump, defendant Fraizer loaded the pistol and placed it on the seat between them half cocked. While defendant Hoffecker was driving the car, he picked up the revolver. Although it was January, the car window was open.

As Hoffecker was handling the revolver he apparently cocked it and pulled the trigger. The revolver fired out the open car window and into the plaintiff's second floor window. I accept as true Hoffcker's testimony that this

discharge was unintentional, and Fraizer's testimony that he did not know Hoffecker had picked up the revolver until he heard the shot.

Defendants did not stop to see whether the shot had caused injury to anyone, and it was several weeks later that they were questioned as to their possible implication in the injury inflicted upon the minor plaintiff.

The defendants do not deny that the shot was fired, but they maintain that the shot fired by defendant Hoffcker was fired later in the evening than the shot which wounded the minor plaintiff. I have considered the defendant's testimony as to the hour at which the Hoffecker shot was fired and I have concluded that plaintiffs have proved by a preponderance of the evidence that the shot fired by Hoffecker was the shot which wounded Janet. I have also concluded that Hoffecker's negligence in handling the loaded revolver was the proximate cause of the injury.

The minor plaintiff must now attend private school for blind persons and would be regarded as blind for purposes of the workmen's compensation law if this had been an industrial accident. Her medical condition is such that she is regarded by the United States Internal Revenue Department as blind for purposes of income tax deductions. She is not, however, totally blind from a layman's viewpoint.

She has a limited ability to see shadows. She moves around the house on her own and even assists with family chores. She is able to play outside to some extent.

Medical bills to date are $2,564.24. The cost of the special school which Janet attends is $2,100. for this school year, and $2,300. per year beginning next year. In addition, there have been and will be transportation expenses.

Damages are awarded to Donald T. Pepper against Hoffecker in the amount of $16,000. for medical and educational expenses. Damages are awarded to Janet L. Pepper against Hoffecker in the amount of $80,000. on account of her pain and suffering and her permanent injuries and disability.

The remaining issues to be resolved deal with the alleged liability of Moore and of Fraizer.

It is charged that the defendant Lacey Moore was negligent in that he entrusted his pistol to Ronald W. Hoffecker, a minor, under circumstances where he knew or should have known:

1. Hoffecker was of insufficient age and experience to safely handle the weapon.

2. It was probable Hoffecker would discharge the weapon in such a manner that a member of the public would come to some harm therefrom.

It is also charged that Moore was negligent in not finding out how the borrowers intended to use the pistol and in not instructing the borrowers in its use.

The evidence fails to support a part of these contentions since it shows that Moore loaned the revolver to Fraizer and Hoffecker jointly and not to Hoffecker alone. The evidence also shows that Moore had reason to believe that instruction in the use of the weapon was unnecessary.

The general law on liability of those loaning an object to one who commits a tort therewith is well stated in § 308 of the Restatement of Torts.

"It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that

such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others."

This rule is discussed in *Mendola v. Sambol,* 166 Pa. Super. 351, 71 A.2d 827 (1950) cited by plaintiff. In that case a jury verdict against the father of an 11 year old boy who shot a friend while demonstrating the operation of his father's rifle was allowed to stand. See also *Giguere v. Rosselot et al.,* 110 Vt. 173, 3 A.2d 538 (1937).

Moore had hunted with both Hoffecker and Fraizer and he knew that they were familiar with and experienced in the use of firearms. I find as a fact that when defendant Moore loaned his revolver to the other defendants he did not know and had no reason to know that they were likely to use the revolver in such a manner as to create an unreasonable risk of harm to others. Moore is not liable.

I turn now to the case against Frazier who loaded the revolver and placed it on the auto seat between himself and Hoffecker.

The cases dealing specifically with liability of those who loan firearms to minors or place firearms within the reach of minors have been collected and studied in 68 A.L.R. 2d 782. The annotator found the decisions to be in conflict as to the liability of adults under such circumstances but he summarized part of his conclusions as follows:

"In the majority of cases in which one's responsibility for permitting a child to have a gun or leaving a gun accessible to a child has been considered, it has been held that prima facie negligence is established by a showing that defendant permitted an inexperienced or irresponsible infant to have a dangerous gun or that he left such a gun in a place where he should have foreseen that it would come into the hands of such a child." (68 A.L.R.2d 786).

"A defendant will ordinarily be held liable for injuries inflicted by a minor with a gun if it is shown that he permitted the minor to have a gun, knowing that the minor was of a reckless or malignant disposition." (68 A.L.R. 2d 793)."

"Since the liability of a person making it possible for an infant to have a gun for the injuries caused by the latter's use of the gun is based upon the theory that the infant was incompetent to be in possession of such a dangerous instrumentality, evidence that the infant involved was in fact experienced and careful in the use of the type of gun, or that defendant had no knowledge of his dangerous disposition, has frequently been held to support a finding of no negligence." (68 A.L.R. 2d 790).

It is apparent that the tort law on the liability of those who lend firearms to minors or leave firearms within the reach of minors is similar to the general law on loaned instrumentalities as stated in § 308 of the Restatement. The same legal rules will be used to test Fraizer's conduct as were used to test Moore's, but Fraizer's connection with the injury was much closer than Moore's because Fraizer was present when the shot was fired. Fraizer did not have exclusive control over the weapon but shared this control with Hoffecker. This placed upon Frazier some responsibility for the careful handling of the dangerous weapon.

The revolver involved was introduced into evidence. It is a single action 22 calibre revolver, which must be manually cocked every time it is fired. It is cocked by pulling the hammer all the way back. It can not be fired without damage to the main spring if the hammer were pulled back to the first click (safety position) or the second click (half cock position). The expert testimony at trial indicated that the main spring had not been damaged and was in normal working order.

The defendant Fraizer testified that he placed the pistol on the front seat between Hoffecker and himself after he had finished loading it. At that time it was in half cock position. Hoffecker testified at trial that he picked the pistol up from the seat and it went off as he was looking it over. I find that the defendant Hoffecker unexpectedly and without warning took the weapon, pulled the hammer back to full cock position, and then negligently fired it. Anyone experienced in the use of firearms would know better than to have done what Hoffecker did. No experienced person under the circumstances there present would anticipate such conduct from another experienced person.

Fraizer had no way of knowing that his companion, who was busy driving the car, would commit the irresponsible act be committed. Fraizer's conduct in loading the pistol and placing it half cocked on the front seat was not a negligent act under these circumstances. Fraizer is not liable for the injuries.

I have held in effect that neither Moore nor Fraizer can be held liable for the injuries since Hoffecker's act was not reasonably foreseeable under the circumstances. Many authorities would come to the same conclusion under a slightly different legal approach by describing Hoffecker's negligent act as the intervening and efficient cause of the injury. It could be said that a new independent and unexpected factor intervened when Hoffecker picked up the gun, and that even if the other defendants were negligent, Hoffecker's act was the real, natural, supervening, or proximate cause of the injury. See *Ship v. Fridenberg,* 132 App.Div. 782, 117 N.Y.S. 599 (1909); *Cook v. Elk Coach Line, Inc.,* 7 W.W.Harr. 120, 180 A.782 (Superior Ct. 1935); *Island Express, Inc. v. Frederick,* 5 W.W.Harr. 569, 171 A. 181 (1934); *Stucker v. American Stores Corporation,*

5 W.W.Harr. 594, 171 A. 230 (1934). Compare *Skelton v. Gambrell,* 80 Ga.App. 880, 57 S.E.2d 694 (1950), dealing with an intentional shooting.

No matter which legal approach is taken the evidence clearly demonstrates that there is no liability as to Moore or Fraizer.

An order will be entered in accordance herewith.