A90A0271. WALLACE v. SEARS, ROEBUCK & COMPANY, INC.
(396 SE2d 41)

CARLEY, Chief Judge.

While she was walking down an aisle in appellee-defendant's store, appellant-plaintiff was suddenly and unexpectedly struck by a young child who was riding a skateboard. Seeking recovery of damages for the injuries that she sustained, appellant brought this negligence action against appellee. Appellee answered and, after discovery, moved for summary judgment. The trial court granted the motion, holding that appellee had "negated at least one essential element of [appellant's] premises liability claim by showing a lack of foreseeability and greater knowledge on [appellee's] part. . . ." It is from this order granting summary judgment in appellee's favor that appellant brings this appeal.

The record contains evidence that appellee displayed one or more unboxed skateboards that were otherwise unsecured to the display shelf in any way. There is also evidence that appellee's employees had seen children skateboarding in the store on other occasions and, in accordance with store policy, had stopped them from engaging in such hazardous activity. Moreover, there is evidence which would authorize a finding that the child who collided with appellant obtained the skateboard from appellee's display, as he was seen on the premises without a skateboard shortly before the injury occurred. Construing this evidence most favorably for appellant, appellee had knowledge of the manner in which its skateboards were displayed and the issue to be decided is whether, as a matter of law, appellee had no duty to anticipate and guard against the probability that children would ride the loosely displayed skateboards and injure other unsuspecting invitees on the premises.

" 'If the conduct of third persons . . . is such as to cause any reasonable apprehension of danger to other customers or invitees because of such conduct, it is the duty of the proprietor to interfere to prevent probable injury; and a failure so to interfere, and consequent damage, will subject such proprietor to an action for damages for such negligent failure to prevent the injury. This duty of interference on the proprietor's part does not begin until the danger is apparent, *or the circumstances are such as would put an ordinarily prudent man on notice of the probability of danger.* (Cit.)' . . . [Cit.]" (Emphasis in original.) *Towles v. Cox,* 181 Ga. App. 194, 197 (1) (351 SE2d 718) (1986). See also *Belk-Hudson Co. v. Davis,* 132 Ga. App. 237, 238 (1a) (207 SE2d 528) (1974). "Usually . . . a proprietor is not liable for injuries resulting solely from misuse of *otherwise safe premises by a third party, where such misuse is unknown to the proprietor and is unanticipated by him.* [Cits.]" (Emphasis supplied.) *Congleton v. Starlite Skate Center,* 175 Ga. App. 438, 440 (333 SE2d 677) (1985). Construing the evidence most favorably for appellant, the premises were not "otherwise safe" because appellee *itself* had created the possibility of misuse of its skateboards by displaying them in such a manner as to give children ready access to them. See *Colonial Stores v. Donovan,* 115 Ga. App. 330, 331 (2) (154 SE2d 659) (1967); *Parsons, Inc. v. Youngblood,* 105 Ga. App. 583 (125 SE2d 518) (1962). Compare *Elliott v. Burkhalter,* 173 Ga. App. 749 (327 SE2d 858) (1985). Evidence of appellee's knowledge of prior instances of misuse of its loosely displayed skateboards by children precludes the grant of summary judgment in appellee's favor notwithstanding its lack of *actual* knowledge of the misuse of its skateboard in this particular instance. A jury could find that, in the exercise of due care, appellee should have anticipated that injury to its invitees from misuse by children was a probable consequence of the decision to display its skateboards loosely and should have done more to prevent the occurrence of such an injury. "The question of the extent of [appellee's] responsibility to anticipate the consequences of making the [skateboards] accessible to [children], in spite of its policy of not allowing [children] to use them, was therefore the province of the trier of fact. . . . [Cit.]" *Budet v. K-Mart Corp.,* 491 S2d 1248, 1251 (Fla. App. 1986).

" 'With reference to foreseeability of injury, "[t]he correct rule is that in order for a party to be held liable for negligence, it is not necessary that he should have been able to anticipate the particular consequences which ensued. It is sufficient if, in ordinary prudence, he might have foreseen that some injury would result from his act or omission, and that consequences of a generally injurious nature might result." (Cit.)' [Cit.] . . . 'Issues of negligence and proximate cause are generally for the jury, and a court should not decide them except

in plain and indisputable cases. (Cits.)' " *Towles v. Cox*, supra at 197-198 (1). It follows that the trial court's grant of appellee's motion for summary judgment must be reversed. Compare *Belk-Hudson Co. v. Davis*, supra (not involving misuse of items on the premises); *Barnes v. J. C. Penney Co.*, 70 P2d 311 (Wash. 1937) (wherein there was no evidence beyond the fact of collision between a child on a tricycle and a customer).

*Judgment reversed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JULY 3, 1990.

*Davis, Brofman, Zipperman & Kirschenbaum, E. Marcus Davis, Steven A. Suna, Lawrence J. Pond*, for appellant.
*Alston & Bird, Jennifer A. Brown, Ronald L. Reid*, for appellee.