A94A1152. HICKEY v. VULCAN MATERIALS COMPANY.
(448 SE2d 714)

BLACKBURN, Judge.

George R. Hickey brought the underlying action to recover damages for injuries he received from the alleged negligence of Vulcan Materials Company (Vulcan). Hickey appeals the trial court's order granting Vulcan's motion for summary judgment.

Hickey alleges in his complaint that on an unknown date during the summer of 1990, he was injured due to the jarring manner in which Vulcan loaded crushed stone into his dump truck. The evidence viewed in the light most favorable to Hickey, as the nonmovant, reveals that Hickey drove a dump truck in which he delivered rock to road paving construction projects. After having his truck loaded at Vulcan an unspecified number of times during the previous week, Hickey was unable to work on Monday, August 13, 1990, due to severe neck pain.

Hickey deposed that Vulcan employees negligently loaded his dump truck with a front-end loader by dropping the rock into the truck bed from a high position causing jarring and bouncing as the rock landed in the bed of the truck. Hickey stated that he complained twice to Vulcan employees regarding their loading procedures.

In October 1990, Dr. Robert Scheiss conducted a physical examination of Hickey and determined that Hickey had a ruptured disc. Hickey informed Dr. Scheiss that he drove a heavy truck over "very

bouncy roads." Dr. Scheiss informed Hickey that a ruptured disc was caused by a traumatic event. Hickey cannot give an exact date or describe the occurrence when he was injured. However, Hickey deposed that "the only thing that [he could] recollect traumatic happening to [him] was the loading." Hickey's complaint is based upon this recollection.

"When the party upon whom the burden of an issue rests seeks to carry it, not by direct proof, but by inferences, he has not submitted any evidence for a jury's decision, until the circumstances he places in proof tend in some proximate degree to establish the conclusion he claims. There must be more than a scintilla of circumstances to carry the case to the jury. More than a scintilla of circumstances means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. [Hickey's] evidence on the issue of the liability of [Vulcan] amounted only to conjecture and as such was insufficient to get to the jury." (Citations and punctuation omitted.) *Lipe v. Coomler*, 171 Ga. App. 389, 391 (319 SE2d 539) (1984).

Vulcan's motion for summary judgment attacked the causation element of Hickey's action. Vulcan established that there was no evidence sufficient to create a jury issue as to this element. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Hickey failed to produce any evidence other than conjecture and supposition in response to Vulcan's motion for summary judgment. The trial court correctly granted Vulcan's motion for summary judgment.

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 18, 1994 —
RECONSIDERATION DENIED SEPTEMBER 16, 1994.

*Doug R. Daum*, for appellant.
*Webb, Carlock, Copeland, Semler & Stair, Thomas S. Carlock, Brian R. Neary*, for appellee.