## A95A2753. SCHERNEKAU et al. v. McNABB.

(470 SE2d 296)

RUFFIN, Judge.

This underlying personal injury action arose when Christopher Schernekau was shot in the head with an air rifle while on a camping trip. His parents brought suit on his and their behalf against Judy DiBauda, the adult who supervised the trip, Jon McKeachie, the 15-year-old who fired the weapon, and Mary Alice McNabb, mother of the 11-year-old who brought the air rifle on the trip. The trial court granted summary judgment in favor of McNabb. Concluding that the trial court erred, we reverse.

On August 3, 1993, DiBauda, an unlicensed day care provider, organized a campout on Lake Allatoona for 12 children of varying ages, including five children ages six and under, and six children between nine and eleven. McNabb knew about and specifically consented to her 11-year-old son's bringing his air rifle on the campout. McNabb and DiBauda disagree as to whether McNabb obtained DiBauda's permission to take the air rifle on the trip. McNabb testified that she sought and obtained DiBauda's permission for her son to take the rifle, while DiBauda testified McNabb never even mentioned the gun. DiBauda testified that she would not have consented because of the danger the gun posed and because its presence would have violated campground rules.

The evidence shows the air rifle gun was not an ordinary BB gun, but a high-powered, pneumatic pump air rifle that, fully pumped, has the same velocity as a .22 caliber bullet and is capable of firing BB's or .177 caliber lead pellets.

DiBauda testified that en route to the camp, she informed McNabb's son that if she discovered that he had a BB gun she would be obligated to take it away because the park prohibited guns. When they arrived at the campsite, DiBauda confiscated the rifle from McNabb's son and placed it in her van. However, without DiBauda's knowledge, McNabb's son retrieved his gun from the van. DiBauda subsequently left the campsite with some of the younger children, leaving the older children under the care of 15-year-old Jon McKeachie. During DiBauda's absence, McKeachie took the rifle and began shooting it around the campsite. He testified that he fired it over the lake, in the trees, and into the tent belonging to Christopher and Jonathan Schernekau. The testimony conflicted as to whether Christopher Schernekau and McKeachie wrestled over the gun after McKeachie shot the tent or whether McKeachie, with no apparent reason, shot Christopher Schernekau in the head at point blank range.

The trial court granted McNabb's motion for summary judgment finding that there were "genuine issues of fact as to [McNabb's] negligence vel non" but that "any negligence on her part was not the prox-

imate cause of [Schernekau's] injuries." The court determined that "McKeachie's act of shooting Schernekau was an independent intervening criminal act." The court held that McKeachie's act of shooting Schernekau was unforeseeable as a matter of law because there was "no evidence that McKeachie had a propensity to commit violent or criminal acts or that McNabb had any reason to believe that McKeachie would intentionally shoot at someone with the BB gun."

The Schernekaus contend that the trial court erred by finding as a matter of law that McNabb's negligence was not the proximate cause of Christopher Schernekau's injuries and by concluding that McKeachie's actions were an unforeseeable intervening criminal act.

Proximate cause is properly reserved for the jury and can only be appropriately addressed on summary judgment in "plain and indisputable cases." *Atlanta Ob. & Gyn. Group v. Coleman*, 260 Ga. 569, 570 (398 SE2d 16) (1990). "The decision may be made by the trial judge or appellate court only if reasonable persons could not differ as to both the relevant facts and the evaluative application of legal standards (such as the legal concept of 'foreseeability') to the facts." Id. "With reference to foreseeability of injury, the correct rule is that in order for a party to be held liable for negligence, it is not necessary that he should have been able to anticipate the particular consequences which ensued. It is sufficient if, in ordinary prudence, he might have foreseen that some injury would result from his act or omission, and that consequences of a generally injurious nature might result." (Citations and punctuation omitted.) *Wallace v. Sears, Roebuck & Co.*, 196 Ga. App. 221, 222 (396 SE2d 41) (1990).

The Schernekaus contend that McNabb should have appreciated the inherent danger of introducing the rifle in such a setting. They argue that she knew or should have known that children are drawn to objects like air rifles, that they, particularly in group settings, are prone to horseplay and consequential injury, and that they lack the proper judgment to handle guns. We agree.

The evidence shows that McNabb was aware of the dangerous capabilities of the air rifle, knew that her son planned to take the rifle on a campout in the presence of many other children who were to be supervised by only one adult, and helped her son roll up the rifle in his bedroll. Therefore, based on the evidence in the record, a jury could conclude that McNabb, in the exercise of ordinary prudence, might have foreseen that some injurious consequences could ensue from permitting her son to bring a dangerous weapon on a campout with many young children and limited adult supervision.

McNabb contends that regardless of any negligence on her part, the actions of McKeachie constituted unforeseeable, intervening, independent criminal acts which broke the chain of causation. McNabb claims that in order for her "to have any foreseeability, she must have

had some prior knowledge that John McKeachie was likely to harm someone." Relying on *Doe v. Howell*, 212 Ga. App. 305 (441 SE2d 767) (1994), and *Skelton v. Gambrell*, 80 Ga. App. 880 (57 SE2d 694) (1950), McNabb claims that the injury was unforeseeable as a matter of law.

However, both of these cases are distinguishable and fail to sustain McNabb's argument. In *Doe*, this Court affirmed summary judgment in favor of a second grade teacher on a negligent supervision claim which was based on a sexual assault by one student on another student in the classroom coat closet. We found no evidence that the teacher knew or should have known that one student's presence created an unreasonable risk of a sexual attack to her other students.

Here, it is not McKeachie's presence that is at issue, but rather, the air rifle's presence on the campground, with young children and very limited adult supervision. McNabb admitted she knew that the air rifle was dangerous and yet she gave her young son permission to take it on the campout. A jury issue is created as to whether McNabb knew or should have known that by her action she was creating an unreasonable risk of injury.

In *Skelton*, the defendants were grocery store owners who provided a pistol to their 14-year-old son who thereafter discharged the pistol and killed a customer. This Court determined that the pleadings were deficient because they did not set forth a sufficient showing that the parents had reason to know of the dangerousness of their actions. *Skelton*, supra at 884. However, the case was decided under a different standard of review not applicable in this case, and the merits of the underlying claim were never addressed.

McNabb's reliance on *Dent v. Smith*, 172 Ga. App. 90 (322 SE2d 100) (1984), is also misplaced because there was no evidence of possible parental negligence in furnishing or permitting a child access to an instrumentality with which the child could injure a third party.

Moreover, it appears that the trial court applied an incorrect definition of foreseeability. " 'It is not necessary that an original wrongdoer shall anticipate or foresee the details of a possible injury that may result from his negligence. It is sufficient if he should anticipate from the nature and character of the negligent act committed by him that injury might result as a natural and reasonable consequence of his negligence.' " *Coleman v. Atlanta Ob. & Gyn. Group*, 194 Ga. App. 508, 510 (1) (390 SE2d 856) (1990). Therefore, the trial court's application of the foreseeability doctrine was more stringent than the law requires — all that was necessary was that it was reasonably foreseeable that someone might get hurt as a consequence of McNabb's sending the air rifle on the campout. See *Wallace*, supra at 222. Moreover, even if McKeachie's actions were criminal in nature, McNabb could not avoid liability if the acts were reasonably foreseeable. See

*Confetti Atlanta v. Gray*, 202 Ga. App. 241 (414 SE2d 265) (1991).

Accordingly, we find that the trial court erred in concluding that McKeachie's actions necessarily broke the causal chain, thus eliminating any act or omission by her as the proximate cause of Schernekau's injuries. Therefore, the grant of summary judgment was erroneous.

*Judgment reversed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED MARCH 15, 1996 — 

*Williams & Henry, Benjamin S. Williams, Joseph A. Fried, W. Anthony Moss*, for appellants.

*Downey & Cleveland, Joseph C. Parker, W. Curtis Anderson*, for appellee.

