A00A0001. BAILEY et al. v. JIM'S MINIT MARKET, INC.
(529 SE2d 436)

McMURRAY, Presiding Judge.

On February 3, 1995, Tammy Almond took her ten-year-old son, Michael Adam Erwin ("Adam"), to Wal-Mart to buy a Daisy $CO_2$-powered BB pistol. The next day, Adam went by himself to Jim's Minit Market, Inc. ("Market"), where an unnamed male cashier permitted him to purchase BBs, despite the objection of a female cashier, Gina Duck. Afterward, Adam went home and began playing cowboys and Indians, shooting his loaded pistol. Almond, a single parent, had gone to Wal-Mart, leaving Adam unsupervised.

Seven-year-old Beau Bailey ("Beau"), who lived across the street from Adam, was playing cowboy but stayed in his front yard. Beau had a cap gun that shot caps but not BBs or pellets. Adam started shooting at Beau. After hitting Beau in the leg with a BB, Adam

crossed the street and went onto Beau's front yard. Beau started running toward the mailbox, and Adam gave chase. When Beau looked back, Adam shot Beau in the eye, causing permanent loss of peripheral vision.

In March 1995, a petition for delinquency was filed against Adam in the Juvenile Court of Elbert County, alleging delinquent acts that if committed by an adult would constitute the offenses of aggravated assault and discharging a firearm near a public street. The court placed Adam on intensive probation and ordered the gun destroyed, among other things.

On January 24, 1997, Beau's parents, George Bailey and Sunny Bailey, filed suit against Adam, his mother, and Market, alleging, inter alia, that Market's male cashier acted negligently and recklessly when he sold BBs to Adam. Market moved for summary judgment, which was granted. This appeal followed. *Held*:

The Baileys argue that the trial court erred in ruling, as a matter of law, that Market's sale of BBs to Adam was not a proximate cause of Beau's injury. We agree and reverse.

Recently this Court held that "[p]roximate cause is properly reserved for the jury and can only be appropriately addressed on summary judgment in 'plain and indisputable cases.'" *Schernekau v. McNabb*, 220 Ga. App. 772, 773 (470 SE2d 296). This Court's reasoning was based in part on *Atlanta Obstetrics &c. v. Coleman*, 260 Ga. 569, 570 (398 SE2d 16), which held that

> whether proximate cause exists in a given case is a mixed question of law and fact. It requires both factfinding in the "what happened" sense, and an evaluation of whether the facts measure up to the legal standard set by precedent. Ordinarily, both determinations are most appropriately made by a jury. . . .

Bearing these principles in mind, we turn our attention to the facts of the case sub judice. In opposition to Market's motion for summary judgment, the Baileys produced an affidavit from Duck, Market's employee who had refused to sell BBs to Adam on the day he shot Beau. Duck attested to her belief that selling BBs to a child unaccompanied by an adult "created a very dangerous situation." Duck further stated that she voiced her concerns to her male co-employee but he ignored them. Duck also deposed that she had previously discussed Market's practice of selling BBs to unaccompanied minors with a manager who agreed that it was dangerous. However, Market refused to discontinue this practice, according to Duck.

In response to this affidavit, Market argued that the sole proximate cause of Beau's injury was Almond's negligent failure to super-

vise her son Adam and/or Adam's intentional act of shooting Beau. Market also contended it could not be held liable because it had no knowledge of Adam's propensity for dangerous behavior.

Market's position incorrectly assumes that such knowledge is essential to a finding of liability.

> "With reference to foreseeability of injury, the correct rule is that in order for a party to be held liable for negligence, it is not necessary that he should have been able to anticipate the particular consequences which ensued. It is sufficient if, in ordinary prudence, he might have foreseen that some injury would result from his act or omission, and that consequences of a generally injurious nature might result." (Citations and punctuation omitted.) *Wallace v. Sears, Roebuck & Co.*, 196 Ga. App. 221, 222 (396 SE2d 41) (1990).

*Schernekau v. McNabb*, 220 Ga. App. at 773, supra.

The case sub judice thus hinges on whether Market's male employee reasonably could have foreseen that an unsupervised ten-year-old boy might load BBs into a BB pistol or BB gun and shoot another child, causing serious injury. We can find no Georgia case precisely on point. However, similar scenarios occurred in *Miceli v. Brown's Sporting Goods*, Ill. App. No. 1-93-4188 (unpublished opinion) (1995 Ill. App. LEXIS 723), and *Salvi v. Montgomery Ward & Co.*, 140 Ill. App.3d 896, 909 (489 NE2d 394). In *Miceli*, a child one month shy of his sixteenth birthday was struck in the eye by a BB that had ricocheted off a lamppost. He had been shooting at beer bottles that had been placed atop the post. The child had purchased the gun from Brown's and the BBs from Sportmart, Inc., a retail sporting goods chain. The child's parents sued both companies. The court cited *Salvi* for the proposition that it was reasonably foreseeable that the sale of a BB gun to a minor could result in the minor handling the gun negligently, causing injury. Id. at 909, 911. Whether or not the sale of the gun was a proximate cause of the child's injuries was ruled a fact question, and summary judgment that had been granted to Brown's was reversed. Summary judgment to Sportmart was affirmed, but for the reason that it had substantially complied with its policy prohibiting the sale of BBs to minors less than 16 years old. That policy reflects Sportmart's foresight that an unsupervised child might use the BBs to load a gun and injure himself or others.

In the case sub judice, Market would have this Court find, as a matter of law, that it could not reasonably foresee that an unsupervised boy of such a tender age as Adam could wreak havoc with a box of BBs. This we cannot do. It would require us to ignore the fact that "children are drawn to objects like air rifles . . . [and] are prone to

horseplay and consequential injury." *Schernekau v. McNabb*, 220 Ga. App. at 773, supra.

We reject Market's argument that negligent parental supervision constituted an intervening cause barring its liability as a matter of law.

> " 'If the original negligent actor reasonably could have anticipated or foreseen the intervening act and its consequences, then the intervening act of negligence will not relieve the original actor from liability for the consequences resulting from the intervening act. That is a jury question.' (Cits.)"

*Ballenger Paving Co. v. Gaines*, 231 Ga. App. 565, 569 (1) (499 SE2d 722).

Whether Beau's injury was a reasonably foreseeable consequence of Market's sale of BBs to ten-year-old Adam is a jury question. The trial court erred in ruling otherwise.

*Judgment reversed. Johnson, C. J., and Phipps, J., concur.*

DECIDED FEBRUARY 9, 2000 —
RECONSIDERATION DENIED FEBRUARY 29, 2000.

*Feldman & Associates, Monroe J. Feldman, Douglas R. Sandberg*, for appellants.

*McClure, Ramsay & Dickerson, John A. Dickerson*, for appellee.