## A01A0262. ROGERS v. ROCKDALE COUNTY et al.

(547 SE2d 772)

RUFFIN, Judge.

Jeff Rogers applied for a job with the Rockdale County Sheriff's Department. While performing a pre-employment physical fitness test, Rogers injured his knee. Rogers then sued Rockdale County, Rockdale County Sheriff Jeff Wigington, and Dennis Claborn, a lieutenant in the department who helped Rogers during the test. The defendants moved for summary judgment, and the trial court granted their motion. Rogers appeals, and for reasons that follow, we affirm.

To prevail on a motion for summary judgment, the moving party must demonstrate that there are no genuine issues of material fact and that the facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[1] Defendants may do this by showing that there is an absence of evidence to support an essential element of the plaintiff's case.[2] Once the defendants have established such lack of evidence, it is incumbent upon the plaintiff to point to specific evidence that gives rise to a triable issue of fact.[3]

The record shows that, in the spring of 1998, Rogers applied for a job with the Rockdale County Sheriff's Department and he was told that he needed to take a physical fitness test. The test included a step test, push-ups, sit-ups, a stretch test, and a mile-and-a-half walk or run. Prior to performing the test, Rogers completed a questionnaire, which required him to list previous medical problems. Rogers wrote that he had undergone three operations on his left knee and one operation on his right knee.

On May 13, 1998, Rogers arrived at the sheriff's department to take the test. For the sit-ups, Rogers was paired with Claborn, who was supposed to hold Rogers' feet during the test. Rogers lay down on the floor and put his feet under Claborn's thighs. According to Rogers, while he was trying to align his body with Claborn's, Claborn

---

[1] See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[2] Id.

[3] Id.

"reached up under my legs, pulled me into him, and I [felt a] pop in my [left] knee" followed by a sharp pain. Although Rogers managed to complete the physical fitness test, he did not perform well. Rogers returned home and put ice on his knee. The next day, he went to his doctor, who referred him to Dr. Behr. On August 19, 1998, Dr. Behr performed arthroscopic surgery on Rogers' left knee for synovitis.

Rogers filed suit against Claborn, contending that Claborn's negligence caused his knee injury. Additionally, Rogers asserted that Wigington and the sheriff's department were liable under the theory of respondeat superior. The defendants moved for summary judgment, arguing that Rogers' injury was not reasonably foreseeable. The trial court granted defendants' motion, and this appeal ensued.

1. The following elements are essential to a claim for negligence:

(1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty.[4]

A duty, when owed, protects against foreseeable harm, and "[f]oresight requires the ability to anticipate a risk of harm from the conduct."[5] As this Court recently stated, "[n]o matter how innocent the plaintiff may be, he is not entitled to recover unless the defendant did something that it should not have done, or failed to do something that it should have done pursuant to the duty owed to the plaintiff."[6]

In this case, there is no evidence that Claborn could or should have foreseen the type of injury sustained by Rogers. Indeed, even Dr. Behr, an orthopedic surgeon, testified that he would not have expected someone to injure a knee in the manner in which Rogers injured his. Specifically, Dr. Behr was asked, "[e]ven if somebody had prior [knee] problems and surgeries, just holding [his] legs, even if you pulled [the legs] up next to you, [that] would not normally cause injury to the knee, correct?" Dr. Behr responded, "That's correct." If an orthopedic surgeon would not be able to foresee the knee injury, we fail to see how a layman such as Claborn could have foreseen such injury.

---

[4] (Punctuation omitted.) *Tuggle v. Helms*, 231 Ga. App. 899, 901 (2) (499 SE2d 365) (1998).

[5] *Amos v. City of Butler*, 242 Ga. App. 505, 506 (1) (529 SE2d 420) (2000).

[6] (Punctuation omitted.) Id.

On appeal, Rogers argues that it is not necessary that Claborn anticipate the exact injury sustained, merely that he anticipate that some injury would result from his actions. We agree that, under principles of negligence, "[i]t is sufficient if, in ordinary prudence, [Claborn] might have foreseen that some injury would result from his act . . . , and that consequences of a generally injurious nature might result."[7] Here, however, there is no evidence that Claborn could have foreseen that *any* injury would occur. According to Rogers' testimony, Claborn simply pulled him forward by his legs, causing his knees to flex. Claborn did not jerk Rogers. Again, we note that not even the orthopedic surgeon would expect this type of activity to cause injury. Under these circumstances, the injury to Rogers' knee was merely an unfortunate incident, and "it is a well-settled principle of negligence law that the occurrence of an unfortunate event is not sufficient to authorize an inference of negligence."[8] Thus, the trial court did not err in granting defendants' motion for summary judgment.

2. In view of our holding in Division 1, we need not address Rogers' remaining enumeration of error.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED APRIL 12, 2001.

*Lavigno & Schlueter, William W. Lavigno III*, for appellant.
*Terry E. Williams*, for appellees.

---

[7] (Punctuation omitted.) *Bailey v. Jim's Minit Market*, 242 Ga. App. 518, 520 (529 SE2d 436) (2000).

[8] (Punctuation omitted.) *La Petite Academy v. Turner*, 247 Ga. App. 360, 363 (1) (543 SE2d 393) (2000).