A04A0920. JAMES v. FLASH FOODS, INC.
(598 SE2d 919)

ELDRIDGE, Judge.

Gilbert James was shot and killed during the commission of an armed robbery which occurred on January 11, 1998, at a Flash Foods convenience store in Albany. Mr. James' wife, appellant/plaintiff Teresa L. James, individually and as administrator of his estate, filed the instant wrongful death action against appellee/defendant Flash Foods, Inc., seeking compensatory and punitive damages. Ms. James claimed nuisance and negligence in Flash Foods because the criminal conduct of her husband's assailant was foreseeable and could have been prevented if Flash Foods had provided a warning as to the potential for an armed robbery and had kept its premises safe. Flash Foods moved for summary judgment, arguing entitlement to summary judgment in that the criminal attack was not foreseeable, no other similar attack on a customer having occurred, and the insufficiency of the evidence to show the essential element of causation. Although finding that a jury question remained as to the issue of foreseeability, the Dougherty County State Court nonetheless granted summary judgment to Flash Foods, concluding that no issue of fact remained on the issue of negligence, Flash Foods having exercised ordinary care to safeguard its customers and Ms. James having come forward with no evidence of causation. Ms. James appeals, contending that the issues of breach of the duty of care and causation were for the jury to determine.[1] We agree and reverse.

Pertinently, the record shows that the Jameses stopped at their neighborhood Flash Foods store to get gas on the evening of January 11, 1998. It was about 8:30 p.m. and dark. Mr. James fueled his car and went inside the store to pay. As Mr. James waited in line while Gail Coleman, the sole clerk on duty, served another customer, a masked gunman entered the store, fired a fatal shot to Mr. James' head, and demanded the cash in the register. A second shot was fired. Initially, Coleman fell backward in an effort to hide but gave this up to comply with the perpetrator's demands, ultimately getting the register open and handing over $150.10 to him. The armed robbery

---

[1] Ms. James does not challenge summary judgment for Flash Foods as to her claims for nuisance and punitive damages.

complete, the gunman fled the scene. Coleman called the police who arrived shortly thereafter; however, no apprehension has thus far been made.

Other evidence established that an armed robbery had occurred at the Flash Foods store a month before the armed robbery in issue. Although no customer had been harmed, two perpetrators had successfully entered the store at 10:10 p.m. and, at gunpoint, taken $115.68. Contrary to store policy which required that business after 10:00 p.m. be conducted behind locked doors through a two-foot by two-foot service window to customers waiting outside, the clerk who had then been on duty failed to lock the doors at 10:00 p.m. As in this case, the clerk had failed to comply with store policy requiring that no more than $50 be kept in the register after dark and that amounts in excess thereof be "dropped" in a safe not accessible to the duty clerk located under the register. And the undisputed evidence of Ms. James' expert witnesses showed that stores believed to have between $100 and $199 on hand had a 60 percent chance of being robbed; that the chance of a robbery reached nearly 100 percent in circumstances where $200 plus were believed to be on hand; that policy limiting available cash on site and locating the store register in a manner clearly visible from the outside were the top two robbery deterrence factors; that visibility from outside the store to the register inside was unclear in the videotape of the crime[2] for an unidentified object or objects; and that had Flash Foods followed its own register visibility policy, the robbery and Mr. James' death probably would not have occurred. *Held*:

Summary judgment is proper when, the court, viewing all the evidence and drawing reasonable inferences in the light most favorable to the nonmovant, concludes that the evidence does not create a triable issue as each element essential to the trial of the case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991); *Caven v. Warehouse Home Furnishings Distrib.*, 209 Ga. App. 706 (434 SE2d 532) (1993).

> A defendant may do this by showing the court that the documents, affidavits, depositions [or] other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's [claim]. . . . If the moving party discharges this burden, the

---

[2] The videotape of the crime was admitted in evidence as authentic upon the stipulation of the parties.

nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

(Emphasis omitted.) *Lau's Corp. v. Haskins,* supra; *Speir v. Krieger,* 235 Ga. App. 392, 397 (2) (509 SE2d 684) (1998).

The state court erred in granting Flash Foods summary judgment upon finding as a matter of law no issue of material fact upon two elements of Ms. James' negligence claim: breach of the duty to exercise ordinary care to safeguard customer invitees and causation.[3]

Flash Foods supported its motion for summary judgment, in part, by the testimony of one of Ms. James' experts attributing the armed robbery and Mr. James' death to Flash Foods' failure to adhere to its own policy requiring clear visibility from the outside to the register. While Flash Foods supported its motion for summary judgment on the breach of the duty of care issue by evidence apart from expert testimony, such evidence merely characterized the register as visible from outside, showing the presence of a triable issue of fact on the question. In any event, the record clearly shows that the state court granted Flash Foods summary judgment on the breach of the duty of care issue on the basis of expert testimony alone for "the technical nature of security procedures, policies, and the like." This was reversible error.

> [I]n an ordinary negligence case, opinion evidence alone is insufficient to grant summary judgment, because the weight and credibility of opinion evidence are for the jury to determine. *Harrison v. Tuggle,* 225 Ga. 211, 213 (2) (167 SE2d 395) (1969); *Ginn v. Morgan,* 225 Ga. 192, hns. 2, 3 (167 SE2d 393) (1969); *Galloway v. Banks County,* 139 Ga. App. 649, 651 (229 SE2d 127) (1976); see also *Home Ins. Co. v. Sunrise Carpet Indus.,* 229 Ga. App. 268, 272-273 (2) (493 SE2d 641) (1997); *Walker v. MARTA,* 226 Ga. App. 793, 797 (1) (487 SE2d 498) (1997); *Johnson v. Autozone,* 219 Ga. App. 390, 393 (465 SE2d 463) (1995).

*FPI Atlanta, L.P. v. Seaton,* 240 Ga. App. 880, 888 (5) (c) (524 SE2d 524) (1999) (physical precedent only).

Even in the absence of state court error in this regard, Ms. James' experts were unanimous in the opinion that the videotape of the crime showed that the view from the outside of the store to the

---

[3] The essential elements of a negligence claim are: a duty to protect others against unreasonable risks; a breach of that duty; a reasonable close causal connection between the conduct and the resulting injury; and damage. *Lau's Corp. v. Haskins,* supra at 492; *Post Properties v. Doe,* 230 Ga. App. 34, 37 (495 SE2d 573) (1997) (physical precedent only).

register was hindered or obstructed to some degree. Neither is there any dispute in the record that Flash Foods had not followed its own cash control policy on the night in issue or at the time of the armed robbery a month earlier; that Coleman was unfamiliar with policy limiting cash on the premises to $50 after dark; and that Flash Foods had been lax in enforcing its security policies.

Under these circumstances, the conclusion that a triable issue of fact exists as to breach of the duty of care is inescapable. See *Robinson v. Kroger Co.*, 268 Ga. 735, 748 (493 SE2d 403) (1997) (negligence of the defendant and the plaintiff generally not susceptible to summary adjudication). Accordingly, the state court erred in granting Flash Foods summary judgment upon finding as a matter of law that Flash Foods had not breached its duty of care to Mr. James. *Lau's Corp. v. Haskins*, supra at 491.

The state court also erred in granting Flash Foods summary judgment upon finding no evidence of causation. In this regard, we recognize that on summary judgment an inference of fact cannot be based upon evidence which is too uncertain or speculative or which raises merely a conjecture or possibility. *Brown v. Amerson*, 220 Ga. App. 318, 320 (469 SE2d 723) (1996). Rather, a "plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough." (Citation and punctuation omitted.) *Niles v. Bd. of Regents &c. of Ga.*, 222 Ga. App. 59, 61 (2) (473 SE2d 173) (1996).[4]

Ms. James' experts here link the commission of the instant armed robbery and her husband's death to a failure in Flash Foods to comply with its requirement for clear visibility to the register from outside the store. There also is evidence showing that Flash Foods' noncompliance with its visibility requirement made the commission of the crime more likely than not and aided the perpetrator in avoiding detection as the crime took place. Accordingly, there was competent evidence showing that the armed robbery and the attack on Mr. James was proximately caused by an act or omission of Flash Foods. Evidence of causation is susceptible to summary judgment only in plain and indisputable cases. Otherwise it is reserved to the jury. *Bailey v. Jim's Minit Market*, 242 Ga. App. 518, 519 (529 SE2d 436) (2000). Competent evidence of record showing a triable issue of fact as to causation, the state court erred in granting Flash Foods summary judgment on this basis as well. Compare *Fallon v. Metro.*

---

[4] We recognize that *Niles* addresses the propriety of the grant of a motion for directed verdict, rather than a motion for summary judgment. However, the principle that a finding of causation cannot be based on conjecture is equally applicable on summary judgment. See generally *Hickey v. Vulcan Materials Co.*, 214 Ga. App. 649 (448 SE2d 714) (1994).

*Life Ins. Co.*, 238 Ga. App. 156, 159 (518 SE2d 170) (1999); *Post Properties v. Doe*, 230 Ga. App. 34, 39 (495 SE2d 573) (1997); *Hickey v. Vulcan Materials Co.*, 214 Ga. App. 649, 650 (448 SE2d 714) (1994) (grant of summary judgment proper where plaintiff fails to present competent evidence of causation).

*Judgment reversed. Adams, J., concurs. Ruffin, P. J., concurs in judgment only.*

DECIDED APRIL 29, 2004 —

*Reynolds & McArthur, Bradley J. Survant, W. Carl Reynolds, William P. Keenan*, for appellant.
*Thomas Q. Langstaff, Robert B. Langstaff, Jr.*, for appellee.